### In re SKELLY'S ESTATE.

Under Rev. Civ. Code Proc. § 151, providing that a court may, within a year after notice thereof, relieve a party from a judgment or order taken against him through his mistake, inadvertence, etc., where the order of the county court from which an appeal was taken to the circuit court, directed that letters of administration should issue to a person named, but the circuit court through mistake or inad-

vertence, included in its order affirming the order appealed from matters as to heirship and final distribution which were not before the court, it was proper, on application made within a year, to enter a new order vacating such order and affirming simply the order of the county court appointing such administrator.

Though it is provided by Rev. Prob. Code, § 359, that on appeal from the county court to the circuit court on questions, of both law and fact the trial must be de novo, yet the only issues that can be tried on such appeal are those presented by the record in the county court and passed on by that court.

An order of the county court appointing an administrator having been affirmed by the circuit court by stipulation, no findings were necessary as the basis of the order of affirmance.

It is competent for counsel for the respective parties to stipulate that the order of the county court appointing an administrator might be affirmed by the circuit court.

Where on appeal from an order of the county court appointing an administrator to the circuit court, it was stipulated that the order might be affirmed, the circuit court was justified on subsequently setting aside its order affirming the order of the county court and entering a new one, in regarding the stipulation as to affirmance still in force, and not ordering a trial de novo.

Where on appeal to the circuit court an order of the county court appointing an administrator, the order of affirmance by mistake embraced also matters of heirship and distribution, the circuit court, on vacating the same, could enter as of the date of its former order a new order simply affirming the appointment of the administrator; no rights of third persons being thereby affected.

Where it appeared that parties claiming to be heirs of an estate had filed petitions in the county court, and were proceeding to establish their claims as heirs, and that these claimants had all joined in an application for an order to show cause why a judgment of the circuit court apparently determining who the heirs of the estate were, when in fact it had rendered no such judgment, should not be vacated, such showing was sufficient to authorize a vacation of the judgment, though there was no affidavit of merits.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. RICE, Judge.

Anna Skelly filed a petition in the county court asking for the appointment of a person therein named as administrator of the estate of her deceased husband. A creditor having also filed his petition asking for the appointment of a person therein named as administrator, an order was entered granting the petition of Anna Skelly, and such creditor appealed to the circuit court, where the

order of the county court was affirmed. From a subesequent order of the circuit court vacating and modifying its order of affirmance, Anna Skelly, appeals. Affirmed.

*Henry Frawley* and *J. M. Hodgson* (*Gaffy* & *Stephens*, of *counsel*) for appellant. *R. C. Hayes, A. J. Plowman, Martin* & *Mason, J. W. Fowler, Samuel C. Polley, McLaughlin* & *Ogden, T. L. Redlon,* and *T. E. Harvey*, for respondents.

CORSON, J. This is an appeal by Anna Skelly, who claims to be the widow of John H. Skelly, deceased, from an order made by the circuit court of Lawrence county on January 2, 1907, vacating and setting aside a judgment of said court rendered on April 28, 1906.

It is disclosed by the record that on October 24, 1903, one John H. Skelly died intestate in Lawrence county. That on the 2d of February, 1904, the said Anna Skelly filed a petition in the county court of Lawrence county for letters of administration on the estate of said Skelly. That thereafter one Charles H. Robinson, a creditor of the deceased, filed a petition asking that letters of administration be issued to William L. McLaughlin. That such proceedings were had; that on the 7th day of March, 1904, the county court made the following order: "The petition of Anna Skelly praying for letters of administration of the estate of John H. Skelly, deceased, be granted to Joseph M. Rickel, a competent person, coming on regularly to be heard, and due proof having been made to the satisfaction of this court that due notice had been given in all respects according to law, and all and singular the law and the evidence, by the court understood and fully considered, whereupon it is by the court here adjudged and decreed that the said John H. Skelly died on the 24th day of October, 1903, intestate, in the city of Deadwood, county of Lawrence, that he was a resident of Lawrence county, S. D., at the time of his death; and that he left estate in the county of Lawrence and within the jurisdiction of this court, it is ordered that letters of administration of the estate of said John H. Skelly, deceased, issue to the said Joseph M. Rickel, upon his taking the oath and filing a bond according to law, in the sum of $500." That from this order the petitioner, Robinson, appealed to the circuit court of Lawrence county

That on the 28th day of April, 1906, the circuit court entered a judgment affirming the order of the county court, and in addition thereto adjudged that Anna Skelly was the widow of said John H. Skelly, deceased, and adjudged that certain persons therein named were the sole heirs of the said Skelly, and directed that all the real and personal property of said. Skelly, deceased, lying and being in said county, subject to the debts of said Skelly and costs and expenses of administration, be divided between the persons so named and found to be the heirs as follows, viz., an undivided one-half of the same to the said Anna Skelly and the remaining one-half to be divided among the persons therein named. The judgment concluded as follows: "And it is further ordered that the estate of the said John H. Skelly, deceased, be distributed by the county court of Lawrence county, S. D., in accordance with this judgment." The case was then returned to the county court for further proceedings in said county court, and thereafter, to wit, on the 21st day of August, 1906, the said administrator filed a petition in said court stating that no proof of heirship had ever been submitted, that said estate was ready for distribution, and asking the court to fix the time when such proofs of heirship to the estate should be presented to the court. Upon this petition the court made an order fixing the 1st day of November, 1906, as the day upon which evidence as to heirship might be submitted to the court; and thereafter, on the 18th day of October, 1906, Edward L. McGinnis and others, by their attorney, filed petitions in said county court alleging themselves to be the next of kin and heirs at law to said Skelly, and praying that said estate be distributed among them. Said counsel for petitioners called the attention of the said county court to said judgment, whereupon the said county court upon its own motion on the 30th day of October made an order directing that the judgment of the circuit court of April 28th be returned to that court in order that certain matters therein might be corrected. Said judgment was accordingly returned to the circuit court, and on the 20th day of November, 1906, that court iissued an order directing the said Joseph M. Rickel, administrator as aforesaid the attorney of the parties on said appeal, and the heirs at whose request said judgment of April 28th had been rendered, to show

cause why said judgment should not be vacated and set aside and a new judgment entered nunc pro tunc affirming the order of the county court of Lawrence county made on the 7th day of March, 1904.

In pursuance of this order to show cause, the court made the order appealed from, which is as follows: "This matter coming on to be heard, upon the motion and application of certain alleged heirs at law of John H. Skelly, deceased, to set aside and vacate an order entered herein on April 28, 1906, for the reason that said order contains certain matters as to heirship of said estate and as to the distribution thereof which were not properly before the court, and upon which no evidence was taken and of which this court had no jurisdiction, * * * and it appearing to the satisfaction of the court that said order was entered solely upon the stipulation of * * * attorneys for a part only of those who claim to be interested in said estate, that no evidence was adduced or heard pertaining either to heirship of said estate or to the final distribution thereof prior to the said order, that the said order embraced matters as to heirship and final distribution which were not before the court and of which this court had no jurisdiction, the court not having read or heard read the said order, and not having known of the matters and things therein contained, and it further appearing that this matter was before this court solely upon an appeal taken from an order of the county court appointing Joseph M. Rickel as administrator of the estate of deceased, and for no other purpose whatever, now, therefore, on said motion of said Samuel C. Polley, Robert C. Hayes, and Martin & Mason, it is ordered, and adjudged that the said order heretofore given herein, under date of April 28, 1906, be and the same is hereby vacated and set aside, and it is further ordered and adjudged that the order of the county court made on the 7th day of March, 1904, appointing Joseph M. Rickel as administrator of the estate of said deceased, be and the same is hereby affirmed, and that this order be made nunc pro tunc as of date April 28, 1906. And it is further ordered that this cause and the files herein be returned to the county court to be proceeded with according to law."

It is contended by the appellant that the court was without

jurisdiction to make the said order appealed from, for the reason that the term of the circuit court at which the judgment of April 28th was rendered had expired, and that the court therefore had no jurisdiction to make said order. It is contended, however, on the part of the respondents, that the application was addressed to the sound judicial discretion of the circuit court under the provisions of section 151, Rev. Civ. Code Proc. which provides: "The court may likewise, * * * in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." As will be observed, the order made by the county court from which the appeal was taken to the circuit court was one simply directing that letters of administration should issue to Rickel. There was no issue involving the question of heirship to the estate or to the distribution thereof among the heirs of John H. Skelly, deceased. The only issue therefore triable in the circuit court on that appeal was as to whether or not the county court had erred in issuing the letters of administration to Rickel and not to William L. McLaughlin on the petition of Charles H. Robinson, a creditor of the estate. The judgment of the circuit court therefore, on that appeal, in so for as it attempted to determine who were the heirs of John H. Skelly, deceased, was clearly unwarranted.

It appears, from the recitals of the circuit court in its order appealed from, that there was a mistake or inadvertence on the part of the court in that part of its judgment of April 28th in which it assumed to determine who were the heirs at law of said Skelly, deceased, and in assuming to distribute the estate among said heirs. And it further appears by said order that said judgment of April 28th was entered simply upon stipulation of attorneys, and that the court did not read or hear read the said order, and did not know of the matters or things therein determined. In other words the judgment appearing to have been rendered by the court was not in fact its judgment. Had the judgment been one really rendered by the court and intended to be rendered by it, a different question might be presented on this appeal; but, it being

clear in this case that the judgment entered was not in fact the judgment of the court, the case, in our opinion, comes clearly within the provisions of section 151, above quoted. Had the judgment of the circuit court of April 28th been such a judgment as the court at that time intended to enter, and had it subsequently discovered that it erred in construing the law or applying the same to the facts in the case, there would be much force in the contention of counsel for appellant; but, as we have seen, the judgment entered by the circuit court did without the knowledge of the court apparently adjudicate upon matters that the court did not intend to and could not have passed upon on that appeal. In other words, through inadvertence or mistake the court was induced to sign a judgment that it never in fact rendered or intended to render, and the authorities cited by the learned counsel for the appellant in support of his contention that the court could not, after the expiration of the term, correct its judgment, has no application to the case at bar. In discussing this subject, Mr. Black, in his work on Judgments (volume 1, § 154), says that: "Beside the correction of clerical errors, the courts have power, after the term, to supply omissions in a judgment, and to reform and perfect, so as to make it conform exactly to the judgment intended to be given in the case." Our Code by its provisions, in relieveing parties from mistake, inadvertence, surprise, or excusable neglect in the proceedings of the court, is very liberal in its terms, and was intended to relieve the court from many of the technical rules adopted under the old common-law system. The court, in our opinion, therefore, was fully authorized to vacate and set aside said judgment and to render the judgment intended to be rendered on the appeal from the county court.

We have not deemed it necessary to review the many authorities cited by the appellant that arose under the common-law system still adhered to in many of the states, as no useful purpose would be served by such a review. It is sufficient that in the case at bar the motion or order to show cause was made within a year after the rendition of judgment; that it clearly appears there was a mistake on the part of the court in entering the judgment, and probably on the part of the attorneys in stipulating that such a

judgment as was rendered in the appeal from the county court should be entered; and that it would be manifestly unjust to permit the judgment of April 28 to stand without correction or requiring the parties to appeal from that judgment to this court for its correction.

The contention, also, that the court erred in striking from the judgment of the circuit court of April 28th the finding that Anna Skelly was the widow of John H. Skelly, deceased, was erroneous, is not tenable. While it is provided, by section 359 of the Revised Probate Code, that on appeal "on questions of both law and fact the trial must be de novo," yet the only issues that can be tried on such an appeal are those presented by the record in the county court and passed upon by that court. The judgment of the county court having been affirmed by the judgment of April 28th by stipulation, as amended by the order of January 2d, no findings were necessary as the basis of that judgment, and hence the circuit court committed no error in failing to find that Anna Skelly was the widow of John H. Skelly, deceased.

It is further contended by counsel for appellant that the circuit court erred in its order of January 2d in affirming the order of the county court and not ordereing a trial de novo; but, as we have seen, the judgment of the circuit court of April 28th was rendered upon stipulation of counsel, and it was competent for counsel for Anna Skelly and Robinson to enter into the stipulation that the judgment of the county court might be affirmed, and that part of the stipulation of counsel was still obligatory and binding upon them. The circuit court therefore was fully justified in regardinig the stipulation as to affirming the order of the county court still in force at the time it made its order of January 2d.

It is further contended that the court erred in directing that the order of January 2d, in so far as it affirmed the order of the county court, should be entered nunc pro tunc as of April 28th, but this contention is clearly untenable. The judgment that was intended to be entered by the circuit court on April 28th, and which the court supposed it had entered, was one affirming the order of the county court, and it was competent and proper, therefore, for the circuit court in vacating and setting aside the

judgment, appearing to have been entered on April 28th, to enter as of that date the judgment which the court did in fact render and which should have been entered at that time, as no rights of third parties were affected, so far as the record discloses, by entering the judgment as of that date. Todd v. Todd, 7 S. D. 174, 63 N. W. 777.

It is further contended that the court erred in failing to specifically find in and adjudge by its said order of January 2d that Anna Skelly was the widow of John Skelly, deceased. This contention is also untenable, for the reason that it does not affirmatively appear by the order of the county court that it adjudged that Anna Skelly was the widow of John H. Skelly, deceased. By the affirmance of the order of the county court that order remains in full force and effect.

It is further contended that the court erred in not dismissing the order to show cause made November 20th, for the reason that the affidavits upon which the same were made were insufficient, in that there were no affidavits of merits made or filed therein; but this contention is also clearly untenable. It appears from the record that a number of parties claiming to be the heirs to said estate had filed petitions in the county court and were preceeding to establish their claims, as heirs of the said estate of John H. Skelly, deceased, and these claimants all joined in the application for the order to show cause, through their attorneys, why the judgment of April 28th should not be vacated, set aside, and corrected, so that they could properly present their claims as such heirs. Clearly this showing was sufficient to authorize the circuit court to correct the judgment appearing to have been made by it determining who were such heirs, when in fact it had rendered no such judgment.

Finding no error in the record, the order appealed from is affirmed.