## In re FIXICO.

No. 8483—Opinion Filed Oct. 8, 1918.

(175 Pac. 516.)

(Syllabus.)

**Appeal and Error—Appointment of Guardian —Appeal—Parties.**

Where F., an Indian woman, executed and delivered an oil and gas lease upon certain lands owned by her, and afterwards F. was adjudged incompetent and a guardian appointed for her person and estate, held, that the lessee in such oil and gas lease cannot maintain an appeal from the order appointing a guardian.

Appeal from District Court, Creek County; Ernest B. Hughes, Judge.

E. H. Hoyt appeals from a decree adjudging Katie Fixico to be an incompetent and appointing a guardian for her person. Appeal dismissed.

William M. Matthews, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, Francis Stewart, and W. D. Elrod, for defendants in error.

Carroll & Mason and C. H. Rosenstein, amici curiæ.

HARDY, J. From a decree adjudging Katie Fixico to be an incompetent and appointing a guardian for her person and estate, E. H. Hoyt prosecutes an appeal. Motion is filed to dismiss this proceeding for the reason that Hoyt is not an aggrieved person entitled to appeal from said order. The interest asserted by Hoyt is that the decree casts a cloud upon his title to a certain oil and gas lease executed by Katie Fixico to H. R. Denton and by Denton assigned to Hoyt before the decree.

A party is aggrieved by a judgment or decree when it operates on his right of property or bears directly upon his interest. In re Bohanan, 37 Okla. 560, 133 Pac. 44. The interest affected must be a substantial one. The mere fact that a person is hurt in his feelings, wounded in his affections, or subjected to inconvenience, annoyance, or discomfort, or even expense by a decree does not entitle him to appeal therefrom as long as he is not thereby concluded from asserting or defending his claims of personal or property rights in the proper court. Sherer v. Sherer, 93 Me. 210, 44 Atl. 899, 71 Am. St. Rep. 339; McKenna v. McKenna, 29 R. I. 224, 69 Atl. 844.

The decree appealed from does not purport to adjudicate any right claimed by Hoyt, nor does it affect his interests and would not be admissible in evidence as tending to determine the validity or invalidity of his title to the lease claimed by him. Duroderigo v. Culwell, 52 Okla. 6, 152 Pac. 605. The sole question determined in the guardianship proceeding was as to the competency of Katie at the time of the inquiry, and the finding thereon had no retroactive effect, and the court had no jurisdiction in that proceeding to adjudicate any right claimed by Hoyt under his lease.

In Duroderigo v. Culwell, it was held that an order of a county court adjudging a person incompetent who had, previous to such order, conveyed real estate, was competent, in a subsequent action in the district court

to recover the real estate, to show that the action was properly brought by his guardian, but that a special finding of the county judge that the incompetent was an imbecile from birth was not admissible, for the reason that that was the very question being tried to a jury, and they should be left free to determine it in the light of the evidence introduced at the hearing upon the question.

The appeal is therefore dismissed.

All the Justices concur, except OWEN, J., disqualified.