**DANIELS et al. v. BARNETT, County Judge.**

No. 17671—Opinion Filed Nov. 30, 1926.

Rehearing Denied Feb. 22, 1927.

(Syllabus.)

1. Insane Persons—Appointment of Guardian for Incompetent—Hearing—Sufficiency of Notice.

Where, under section 1449, Comp. Stats. 1921, a petition is filed alleging that a person is insane or incompetent to manage his property, notice must be served on such supposed insane or incompetent person not less than five days before a hearing is had upon such petition, but where the notice is served less than five days before such hearing and such hearing is continued to a later date which later date is more than five days thereafter, and the supposed insane or incompetent person is notified thereof and appears at the

hearing, such notice sufficiently complies with the statute to give the court jurisdiction.

**2. Courts—Judgment—Probate Jurisdiction of County Court Vacating Final Orders Without Notice.**

While county courts are given a wide latitude in exercising jurisdiction over probate matters, they have no jurisdiction to vacate and set aside final orders without notice to the interested parties.

**3. Prohibition—Writ to Arrest Unauthorized Action of Court.**

Where a court is acting without jurisdiction, or is attempting to make an unauthorized application of judicial force, upon proper application a writ of prohibition will arrest the action of such court.

Original action in Supreme Court by Katie Daniels, nee Fixico, and John Daniels, her husband, against W. A. Barnett, County Judge of Okmulgee County, for writ of prohibition. Writ granted.

Ames, Lowe & Cochran and Wipple & Rosenbloom, for petitioners.

McCrory & Monk and Rainey, Flynn, Green & Anderson, for respondent.

PHELPS, J. On March 2, 1915, application was made to the county court of Okmulgee county, in which it was claimed that Katie Fixico, a full-blood Creek Indian woman, was an incompetent, and praying that she be so declared and that a guardian of her person and estate be appointed. On the same day notice was posted, and which was served on her on March 8th, that a hearing would be had at 10 o'clock on March 12, 1915. Katie Fixico did not appear at the time and place fixed for such hearing, and the hearing was postponed until 10 o'clock, March 24, 1915, and on the 13th day of March, 1915, the county judge issued an attachment for said Katie Fixico, directing that she be brought before such court at 4:30 p. m. on said day. This attachment, however, was not served until the 15th of March. On said 24th day of March she appeared and demurred to the petition, and also filed protest against the appointment of a guardian. The hearing was continued to March 25th, on which date Katie Fixico was, by the county court, adjudged incompetent, and a guardian of her person and estate was appointed, from which order an appeal was prosecuted to the district court of Okmulgee county.

After such appeal was lodged in the district court, and on the 25th day of February, 1916, notice was issued, over the signature of the court clerk, which notice was served on Katie Fixico on March 1, 1916, to the effect that the matters presented by the appeal would be heard by the district court at 9 o'clock a. m. on the 7th day of March, 1916, at which time and place she appeared in person and by attorney, and after hearing the district court found and adjudged Katie Fixico to be an incompetent person, and entered its order and judgment so declaring, and in all things approved and confirmed the finding and judgment of the county court. From this finding and judgment of the district court, an appeal was prosecuted to this court by one E. H. Hoyt, which appeal was dismissed upon the ground that Hoyt was not an aggrieved person entitled to prosecute the appeal. In re Fixico, 71 Okla. 102, 175 Pac. 516.

In the meantime Katie Fixico was married to John Daniels, and appears in this proceeding as Katie Daniels, nee Fixico.

On the 20th day of May, 1926, in pursuance of a verified petition theretofore filed in the county court of Okmulgee county by Katie Daniels, nee Fixico, and her husband, John Daniels, as her next friend, said county court, after a hearing, entered its order adjudging Katie Daniels, nee Fixico, competent, fully capable of managing her property, and directing that the guardianship be terminated and revoked, and that she be intrusted with full and complete control of her property, and directing that the guardian file his report as provided by law.

On or about May 31st thereafter, Katie Daniels, joined by her husband, John Daniels, filed their action in the district court of Okmulgee county for an accounting with her former guardian and to set aside certain trust deeds made by her, in which they alleged that she was incompetent, and in pursuance of their prayer therefor the district court appointed receivers to take charge of and preserve her property. On July 29th, following, the county judge of Okmulgee county, upon his own motion, made an order vacating and setting aside his finding and order of May 20th, restoring Katie Daniels to competency. On July 29th he also entered his order appointing another guardian instead of the one discharged by his order restoring Katie Daniels to competency.

This original petition was then filed in this court by Katie Daniels, nee Fixico, and her husband, John Daniels, alleging that the Honorable W. A. Barnett, as county judge of Okmulgee county, was attempting to exercise jurisdiction over the person and property of said Katie Daniels through the guardian appointed by him, and they here pray

for a writ of prohibition restraining and prohibiting him from so doing.

It is contended by petitioners that the original order and finding of March 25, 1915, adjudging Katie Fixico an incompetent and appointing a guardian for her, is void, upon the grounds that the notice required by statute had not been given.

Section 1449, Comp. Stats. 1921 (which was in effect at that time as section 6538, Rev. Laws 1910), reads as follows:

"When it is represented to the county court, upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property. the judge must cause notice to be given to the supposed insane or incompetent person. of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing."

As heretofore shown in the statement of facts, the notice was served upon the alleged incompetent on March .8th that a hearing would be had on March 12th, and when the alleged incompetent did not appear at the hearing on March 12th, the hearing was continued to March 24th. An attachment was served upon her on March 15th, and when the case was called for hearing on the 24th she appeared in person and by attorney, and the hearing was concluded on March 25th, and it is contended by respondent that, inasmuch as more than five days elapsed from the time she was brought into court until the hearing was commenced, this constituted a compliance with the provisions of the statute.

In Wright v. Riber, 112 Okla. 43, 239 Pac. 603, this court held that in a proceeding to declare one incompetent the county court acquires no jurisdiction to hear the case until the five days' notice provided by statute has elapsed, stating in the opinion that:

"The statute contemplated all parties should at least have five days in which to prepare for trial."

In that case, however, the petition was filed on February 12th, and notice immediately served that the hearing would be had on February 18th, but the hearing was had immediately. but the court withheld its order and judgment until the 18th.

In Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687, this court held that the provision of section 1449, supra. prescribing that five days' notice must be given, is mandatory, but it appears in that case that no notice at all was given, the alleged incompetent was not

in court, and no excuse for his absence appeared of record.

We conclude, therefore, that, although five days did not intervene between the time the notice was first served on the alleged incompetent and the date set for hearing, yet when the cause was continued to the 24th and she was brought into court by attachment on the 15th, and then appeared on the 24th in person and by attorney and pleaded to the petition, every right which the notice is designed to safeguard was amply protected and the court vested with jurisdiction. This is especially true in view of the fact that the alleged incompetent appealed from the decision of the county court to the district court on both questions of law and fact, and six days before the hearing de novo in the district court notice was again served on her, and upon hearing the district court found the same facts as found by the county court and rendered its judgment accordingly.

It is contended by petitioner that the order of the county court of July 29th, attempting to vacate the order of May 20th restoring Katie Daniels to competency, is void for the reason, among others, that no sufficient notice was given.

It appears that in the forenoon of the day the order was made, the county judge, upon his own motion, ordered that notice be served upon Katie Daniels that at 1:30 o'clock in the afternoon the question as to whether the order restoring her to competency should be vacated and set aside would be heard. An effort was made to serve this notice on her, but it was discovered that she was absent from the county and a copy of the notice was left at her residence, not with a member of the family, but with a woman who had charge of the household affairs. Notice was sereved upon the attorneys representing Katie Daniels in her proceeding in the district court; however, the record fails to show that these attorneys had ever represented her in the proceedings in county court, and this notice was not served on them until just before 12 o'clock on the day of the hearing. They appeared at the time designated in the notice and objected to the court proceeding in such matter, and it was over their objection that the order vacating was made.

It is contended by the respondent that in her petition for restoration to competency and in the hearing thereon fraud was practiced upon the county court, in that it was represented and witnesses called to testify that she was of sound mind and capable of taking care of herself and property, and

after having procured the judgment and order so adjudging her competent, and within about eleven days after having procured the judgment and order adjudging her competent, she, joined by her husband, filed their petition in the district court of Okmulgee county alleging the contrary, and in view of these facts the county court had jurisdiction to vacate its order even without notice. With this contention we cannot agree.

The proceedings to restore her to capacity appear to conform to the provisions of section 1452, Comp. Stats. 1921, and when the court's order and judgment so restoring he· were entered, her status was the same as if she had never been declared incompetent, and while the county court has a wide discretion in the control of its judgments and orders, it would be going too far to say that it has the authority, with one stroke of the pen, to declare a citizen mentally incompetent to manage his affairs, without any notice whatever, and under the most liberal construction of the facts presented here, it cannot be said that Katie Daniels had any notice of this proceeding.

As sustaining the position that the respondent had jurisdiction to vacate the judgment and orders in this case, he cites Ozark Oil Co. v. Berryhill. 43 Okla. 523, 143 Pac. 173, wherein this court said:

"It is unquestionably the law that the county courts of this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of any minor, whose estate is involved in any proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor."

He also cites Hickory v. Campbell, 75 Okla. 79, 182 Pac. 233, wherein this court said:

"Until the minor becomes of age, all judgments and orders sleep in the bosom of the court, and may be modified, vacated, or set aside during such time, upon proper notice and for good cause shown."

He further cites Twin States Oil Co. v. Johnson, 72 Okla. 174, 179 Pac. 605, wherein this court said:

"It is now well settled that county courts of this state have full control and jurisdiction of all probate matters, and may, at any time prior to the majority of the minor whose estate is involved in any proceeding pending in said court, upon proper notice and for sufficient legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor."

He also cites Jackson v. Porter, 87 Okla. 112, 209 Pac. 430, wherein this court said:

"The probate courts of this state * * * have jurisdiction, upon proper notice, to modify or vacate their orders and decrees when sufficient reasons exist."

It will thus be seen that in all these cases the jurisdiction of the court was dependent upon proper notice, and in view of the fact that what was equivalent to no notice at all was given in this case, these authorities are not applicable here. When the judgment restoring the incompetent to her capacity was entered by the county court, that court had no further jurisdiction of the case, except to require the guardian to properly account for the incompetent's estate, and could not again assume jurisdiction arbitrarily and without notice to the alleged incompetent.

There are other questions presented, but having reached this conclusion, it is apparent that the county court is without jurisdiction until proper notice is given, and is attempting to make an unauthorized application of judicial force, and the writ prayed for is granted.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT. CLARK, and RILEY, JJ., concur. HARRISON, J., dissents.

Note.—See under (1) 32 C. J. p. 657, §259; anno. 23 L. L. A. 737; 26 L. R. A. (N. S.) 232; 23 A. L. R. 594; 14 R. C. L. p. 570; 5 R. C. L. Supp. p. 772. (2) 15 C. J. 1004, §418: p. 1020, §440. (3) 32 Cyc. p. 604.