### CLINTON v. TWIN STATE OIL CO. et al.

### SAME v. SKELLY OIL CO.

District Court, N. D. Oklahoma. October 9, 1929.

Nos. 435, 449.

Lydick, McPherren & Jordan, of Oklahoma City, Okl., and L. O. Lytle and J. Walker Field, both of Sapulpa, Okl., for plaintiff.

Louis N. Stivers, of Tulsa, Okl., for the United States.

W. J. Gregg and Geo. S. Ramsey, both of Tulsa, Okl., for Twin State Oil Co.

W. P. Z. German, of Wichita, Kan., and Alvin F. Molony, of Tulsa, Okl., for Skelly Oil Co.

KENNAMER, District Judge. These actions in equity seek the cancellation of an oil and gas mining lease and a lease of surface rights for a casinghead gasoline plant, upon the allotment of Lee Clinton, a fullblood member of the Creek Tribe of Indians. Briefly, the facts are: That during the year 1913, an oil and gas mining lease was obtained from the allottee and was submitted to the Secretary of the Interior for approval. The lease was returned, and the person seeking to obtain it was advised that the records of the Department of the Interior indicated that the allottee was of age of 20 years and had not at that time attained his majority. Thereafter, guardianship proceedings were instituted in Creek county, Okla., the county in which the allottee lived. These proceedings are being attacked in the present action. The allottee's parents were living at the time of the proceedings, but were separated and living apart from each other. The allottee, than 20 years of age, filed a petition in the county court for the appointment of his father George Clinton, as his guardian, and on the day of the filing of the petition, an order was entered appointing a guardian, and the one appointed was the allottee's father, and the person he designated. The order of appointment recited that the notice of the hearing had been waived, and that the court did not deem any notice necessary. This order was made on April 19, 1913, and, so far as the record in the instant case discloses, remains unattacked in the court in which it was entered. On the day the order appointing a guardian was entered, a petition was filed by the guardian for leave to execute an oil and gas mining lease upon the lands allotted to the minor, for a term during the minority of the ward and as much longer as oil or gas is found in paying quantities on the lands. An order was made by the county court authorizing the guardian to execute and deliver such a lease. The guardian filed a return into the county court, reporting that he had sold and executed an oil and gas lease upon the lands of his ward for

a term of the minority of the ward and as much longer thereafter as oil or gas is found in paying quantities. In fact, the guardian had executed a lease for the term of ten years, and as long thereafter as oil or gas is found in paying quantities. This lease was submitted to the county court for approval, and the lease was approved in due form; such approval reciting that the county court had considered the lease and had approved it. Thereafter, the ten-year lease was sent to the Secretary of the Interior for approval, and was duly approved. It is to be observed that at the time of the execution and delivery and approval of the lease in question, leases of restricted Indians required the approval of the county court and of the Secretary of the Interior, but did not require a formal application for sale of such a lease, and did not require a return of the sale to be made into court. Only an order of the court approving the lease was required. However, at a later date, and in the year 1914, certain rules and requirements for obtaining leases from probate courts were made by the Supreme Court of the State of Oklahoma, but those rules and requirements are not material for a consideration of the questions presented in this case. The facts further establish that delay rentals were provided for in the lease; that no oil or gas was found upon the lands involved in this action until after the minor allottee had attained his majority, and that it was about five years after the execution of the lease before oil or gas was discovered upon the lands; that during the five years prior to development, the lessee or holder of the lease paid the rentals provided in the lease to the superintendent of the Indian agency, as required in the lease; and that the allottee made applications to the superintendent, by reason of which the funds paid in under the lease were paid over to him.

On August 16, 1920, the allottee, joined by his father and mother, filed an application for the appointment of a guardian for the allottee because of his incompetency. The guardian was appointed by order of the county court on the date the petition was filed. Thereafter, the guardian executed a lease to the defendant Skelly Oil Company for the erection of a casinghead gasoline plant. This appointment is the subject of attack herein, and it is contended that as the appointment after the allottee attained his majority was void, the lease he attempted to execute for a site for a gasoline plant is void and should be canceled.

Considering the guardianship proceedings during the minority of the allottee, and the ten-year oil and gas mining lease upon his allotted lands made by the guardian, it is to be observed that the minor was above the age of 14, and that he made the application for the appointment of a guardian, and designated his father for such appointment. Section 1431, Compiled Oklahoma Statutes 1921, provides for the appointment of guardians for minors, and provides that: "Before making the appointment the judge must cause such notice as he deems reasonable to be given to the relatives of the minor residing in the county, and to any person having care of such minor." Section 1434 provides that if the minor is above the age of 14 years, he may nominate his own guardian, who, if approved by the judge, must be appointed. In the instant case, the minor applied for the appointment, and the county court found that the minor had waived the requirement of notice, and that notice of the hearing had been waived, and further that the court deemed any notice unnecessary. Notice is required to be given in such probate matters, and failure to give notice, unless the same is waived, renders such proceedings void. However, such notice can be waived, and when there is such a waiver, probate proceedings based thereon are valid. In the present action, the minor was in the custody of his father, and under the Oklahoma Statute, the minor and his parents residing in the county, and the person in whose custody he was, were entitled to notice. The minor made the application and nominated his father, as he could legally do, and waived any requirement of notice; his father appeared and accepted the appointment, and waived any requirement of notice. The mother was not required to be notified, but despite this, the county court found that notice had been waived, and that further notice was unnecessary.

Section 1398, C. O. S. 1921, provides that the "orders and decrees made by the county court, or the judge thereof, need not recite the existence of facts, or the performance of acts upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged," etc. The order of appointment contains the order and judgment of the county court, and is sufficient to validly appoint a guardian. The appointment of a guardian is a judicial act made with a view to the qualifications of the person appointed.

In Oklahoma the procedure is statutory, and the purpose of the notice required is to

afford the parents or relatives of the ward an opportunity to present their respective claims to the right of appointment. Where there is no contest between different parties entitled to the appointment, the proceeding has none of the characteristics of an adversary proceeding, and any person entitled to the appointment may waive such right. In adversary proceedings the party to such proceeding may waive the service of process and enter an appearance.

■ The order of the court appointing the guardian recited that the notice required by statute had been waived. The court being a court of general jurisdiction in probate matters, its decrees and orders are as against a collateral attack presumed to import absolute verity. It will be inferred from the fact of the appointment that all the necessary prerequisites to give the court jurisdiction were found to exist. Hathaway v. Hoffman, 53 Okl. 72, 153 P. 184; Greer et al. v. McNeal et al., 11 Okl. 519, 69 P. 891; Grignon's Lessee v. Astor, 2 How. 319, 11 L. Ed. 283; Powers v. Brown, 122 Okl. 40, 252 P. 27; Monastes v. Catlin, 6 Or. 119; Eikerenkotter's Estate, 126 Cal. 54, 58 P. 370.

In my opinion, the father of the allottee was duly and legally appointed guardian.

■ It is insisted that the lease for a ten-year period is void because the guardian applied to the court for authority to execute a lease for a term during the minority of the ward, and as long thereafter as oil or gas was found; that he was authorized to execute a lease for the period of minority. The facts established that such an application was made, and an order of the county court was obtained upon such an application, and a return made by the guardian showing that he had executed and sold a lease for such a term. It also appears that the guardian executed a lease for a term of ten years, and that the lease was approved by the county court, and that the approval recited that the lease presented had been examined and approved. All that was required for the execution and delivery of a valid lease by a guardian was performed, and those requirements were fulfilled with respect to the ten-year lease. The application for the execution of a lease by the guardian, the order of the county court authorizing such a lease, and the return made by the guardian, were unnecessary and without any particular legal effect. The guardian had authority to execute an oil and gas mining lease, but such a lease, to be valid, required the approval of the county court. The lease herein considered was properly executed and duly approved by the county court, and that gave it legal effect, regardless of the other unnecessary pleadings and orders concerning a lease for the term of minority which was not executed. That an approval of the county court is all that was required for a valid lease has been determined by the Circuit Court of Appeals for the Eighth Circuit, in a case arising in this court, in the case of Self v. Prairie Oil & Gas Co. (C. C. A.) 28 F.(2d) 590. The lease for the term of ten years made by the guardian, and approved by the county court, was submitted to the Secretary of the Interior for approval, and was duly approved. It is plain that the only lease made was for the term of ten years, and the pleadings describing a lease for the minority of the ward are without effect, as no such lease was ever made. However, the lease for the term of ten years was approved by the county court, and became effective upon such approval and the subsequent approval of the Secretary of the Interior.

■ The lessee or holder of the lease performed the covenants contained in the lease and paid rentals under the lease for some five years, and until oil or gas was found upon the lands. Thereafter, the royalties provided in the lease were paid to the superintendent of the Indian agency for the account of the allottee. Requests were made by the allottee after attaining his majority to the superintendent for the rentals and royalties paid by the holder of the lease, and such funds were disbursed to the allottee, which he accepted without complaint or objection. It is to be observed that years have elapsed since the lease was executed, and that the lessees have expended large sums of money in operating for the production of oil and gas; that the allottee was 20 years of age at the time of the execution of the lease; that he knew of its existence and accepted the benefits of it as rentals and royalties; that he was afforded the protection in the transaction of his father, as his guardian, the county court of his resident county, and of the Secretary of the Interior. On the other hand, the lessees have performed all of the requirements and obligations contained in the lease, and have developed the lands for the production of oil and gas at a large expenditure of money, and have been permitted to continue in such expenditures and operations for many years without objection or protest upon the part of the complainant herein. Under all of the facts and circumstances presented, it is my view that the bill of complaint is without eq-

uity, with respect to the oil and gas lease, and should be dismissed.

█ As indicated, the guardianship proceedings involving the allottee, in which a guardian was appointed after he had attained his majority because of his incompetency, is attacked as void, and the lease made by such guardian for a gasoline plant is sought to be canceled. The evidence presented established that an order was obtained from the county court appointing a guardian for the allottee as an incompetent, on the same day that the petition for such an appointment was made. Section 1449, C. O. S. 1921, requires the giving of five days' notice of the hearing upon such a petition for the appointment of a guardian for an incompetent person. The required notice was not given, and the appointment was void. Martin v. O'Reilly, 81 Okl. 261, 200 P. 687; Tiger v. McCallom, 89 Okl. 249, 214 P. 194; In re Guardianship of Winnett, 112 Okl. 43, 239 P. 603; Daniels v. Barnett, 122 Okl. 202, 253 P. 300.

█ It was established that the petition for the appointment of a guardian for the allottee as an incompetent was made by the allottee, and by his father and mother. The petition was sufficient to constitute the person named therein the agent for the allottee to lease the lands for a site for a gasoline plant, as the petition for such an appointment was made for the purpose of obtaining the execution of such a lease. The lease as executed was for seven acres of land, at an annual rental of $15 per acre, and the lease was approved by the Secretary of the Interior. The allottee received and accepted the rentals paid under the lease, and adopted it as his own, although the guardianship proceedings were void. His acceptance of the benefits of the lease, made by the person he nominated and requested the county court of Creek county to appoint to make the lease, are sufficient to constitute an adoption of the lease contract as his own, and that it was made by a person named as his agent to make it for him.

█ Even if the lease of the site for the gasoline plant is invalid, it is my opinion that the prayer of plaintiff's bill should be denied concerning the lease, as under the rules and regulations prescribed by the Secretary of the Interior in 1917, which were introduced in evidence, the right of the lessee to erect and maintain a casinghead gasoline plant on the premises covered by the oil and gas mining lease is a necessary incident under the oil and gas mining lease. The superintendent for the Five Civilized Tribes, acting under such regulations, granted to the lessee permission to erect and maintain the plant on the premises covered by the lease, by approving the gasoline plant lease. These regulations have the force of law, and are binding upon the allottee, as well as upon the lessee. Dale v. Winters Oil Co., 115 Okl. 252, 243 P. 200; March Oil Co. v. Lee, 113 Okl. 242, 241 P. 804.

In the present action, there is no evidence of fraud or wrongdoing upon the part of the lessees, the defendants, but there is evidence of good faith in the performance of the obligations contained in the leases. The parties performed their obligations and the allottee accepted the benefits over a period of years, beginning in the year 1913. Complainant has failed to establish any facts justifying relief in equity.