Growing out of a real estate transaction, Jessie B. French, now deceased, executed a promissory note and a real estate mortgage collateral thereto, to Morris Kraizman and wife. Jessie B. French died December 3, 1929, intestate. Her estate was probated. The last date for hearing claims was May 10, 1930. Kraizman's note was due March 23, 1931. Kraizman filed no claim, absolute or contingent, in the probate court. The administrator of the estate of Jessie B. French procured from Kraizman extension of time of payment to March 28, 1932. Before the expiration of the time to which payment was extended, September 11, 1930, the final account of the administrator was allowed by the probate court, on the same date the residue of the estate of Jessie B. French assigned, and January 8, 1932, the administrator discharged. January 12, 1932, Kraizman filed a petition in the probate court to set aside the order discharging the administrator of the estate of Jessie B. French. A date of hearing was set and a hearing had. It is claimed no notice of the filing of the petition was given. The administrator appeared in the probate court specially and moved to set aside the order made by the probate court, fixing a date of hearing of the petition, and also appeared specially as guardian of Bennett E. French, and moved to set aside plaintiff's petition. February 24, 1932, the probate court set aside the order of hearing made, and denied the petition of Kraizman. Kraizman then appealed to the circuit court. Special appearances were entered by defendants in the circuit court, and the trial proceeded. The circuit court set aside the *Page 239 
order of the probate court, and permitted Kraizman to file his claim. Defendants appeal, and the questions presented are, —
(1) Did the circuit court have the right to set aside the order of the probate court discharging the administrator?
(2) Did the probate court acquire jurisdiction to set aside the order discharging the administrator of the estate of Jessie B. French upon the petition of Kraizman, alleging he was fraudulently prevented. from filing his claim prior to the closing of the estate; and
(3) Did the circuit court have a right to rehear such petition on the appeal?
(4) Was there sufficient fraud established to authorize the court to act?
Formerly probate courts, though courts of record, had no power to set aside their own orders and decrees. I Comp. Laws 1897, §§ 650, 651; Grady v. Hughes, 64 Mich. 540; Corby v.Wayne Probate Judge, 96 Mich. 11. The power to do so was granted by Act No. 271, Pub. Acts 1905, and Act No. 314, Pub. Acts 1915, by section 1 of chapter 51, revised and consolidated the prior provisions of statutes relating to the jurisdiction of probate courts, and the governing provision now stands as 3 Comp. Laws 1929, § 15519, subd. 6, which provides that the probate judge,
"May, upon the filing in said court of a petition therein, within ninety days of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court: Provided, however, That the jurisdiction conferred by this section shall not be *Page 240 
construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter."
The probate court may set aside its order discharging an administrator but only "after due notice to all parties interested." Such notice was not given, nor was it waived by the special appearance of defendants either in the probate court or in the circuit court.
The probate court therefore acquired no jurisdiction to set aside its order discharging the administrator, and permitting Kraizman to file his claim.
Had the probate court acquired jurisdiction the circuit court could rehear the petition on its merits, but, on the appeal as perfected, the circuit court was bound by the want of jurisdiction of the probate court. The circuit court could not exercise jurisdiction on appeal from the probate court, which the probate court never acquired.
We cannot logically pass upon the merits of Kraizman's proof of fraud in a proceeding without jurisdiction.
The orders of the circuit court, and of the probate court will be set aside, with costs but without prejudice to Kraizman's giving notice "to all parties interested" of his petition as required by statute.
NELSON SHARPE, C.J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. *Page 241