The county court of Minnehaha County, South Dakota, in March, 1942, issued its ex parte order, without notice, setting aside its former order entitled Final Discharge of Surviving Executrix, dated December 6, 1934. On March 3d 1942, the Ark of Refuge Rest Home Corporation filed an application praying for an order to show cause why the surviving executrix Parker should not file a further *Page 580 
accounting. No application was made to set aside the final decree and approval of the accounts therein contained. The order was served on Nellie T. Parker, the former executrix, in Nobles County, Minnesota. The day prior to the day set for hearing, Nellie T. Parker, through her attorneys, filed a special appearance for the purpose of objecting to the jurisdiction of the court over her person, as follows:
"Comes now Nellie T. Parker and appears here specially only and not generally, and for the purpose only of objecting to the jurisdiction of the court over her person, for the reasons:
"1. That the order to show cause was not served on her within the state of South Dakota.
"2. That the court has no jurisdiction of the proceeding, final decree having been entered and the executrix discharged, and the ex parte order setting the discharge aside is of no force and validity.
"Wherefore, Nellie T. Parker prays that the service of the order to show cause upon her be quashed and set aside."
The hearing was adjourned to April 8, 1942, when the hearing was held upon the special appearance upon only the issues of law as raised thereby. Questions of fact were considered by the court, as shown in the probate file, and briefs were presented. On May 26, 1942, the court entered its order dismissing the application for further accounting based on the reasons set forth in the special appearance. Appeal was taken from the order to the circuit court. The notice of appeal recited that it is made on questions of law and fact. In the circuit court hearing, appellant offered the probate proceedings in evidence. Testimony of the corporation's president, N.N. Gullekson, was offered. The objection of respondent was overruled and his testimony received. In September, 1942, some further testimony was offered. At the conclusion of the hearing, the court entered its order affirming the county court. From this order, appellant has appealed to this court.
Appellant predicates error in that: The court failed to make findings of fact and conclusions, of law. It would *Page 581 
seem that the issue before the county court was one of law only — the objection going to the jurisdiction of the county court, both as to the person of respondent and as to the proceedings brought by appellant. We do not see that this proceeding involves an issue of fact.
The appeal to the circuit court, under the notice of appeal, states that the appeal will be made on questions of fact and law. We do not believe that the appellant's desire to have a trial de novo in the circuit court can possibly change the issues that were decided by the county court.
Under the construction given to § 3464, Rev. Code 1919, In re Skelly's Estate, 21 S.D. 424, 113 N.W. 91, the court dealt with § 359 of the Revised Probate Code, now SDC 35.1701, relating to questions on both law and fact and that the trial must be de novo. The court held that the only issues that could be tried on such an appeal were those presented by the record in the county court and passed upon by that court.
We believe that the order complained of is sufficient and embodies the statement of ultimate facts and legal conclusions and that it constitutes a substantial compliance with our statutes relating to the making of findings and conclusions. In re Mulligan's Estate (Ryan et al. v. Lundberg), 60 S.D. 74,243 N.W. 102.
Assignments 2 and 3, in which it is claimed that the court erred in dismissing the appellant's appeal from the county court and contending that the county court had jurisdiction to issue its order to show cause requiring the respondent to account for the rest and residue of the estate, will be considered together as suggested in the appellant's brief.
It is hard to conceive how the court had or could acquire jurisdiction of the executrix who lives in Minnesota, as the executrix had been discharged as such; and, it would seem that the ex parte order setting aside the discharge does not, in our opinion, accomplish its purpose. The setting aside of an order, such as the statutory discharge of the legal representative of an estate, ought not to be permitted *Page 582 
without notice, as notice in our courts is a very important step and is one of the fundamentals and principles back of our judicial procedure. That the county court may set aside a discharge of an executor is not doubted, but it can only be done after due notice.
In Paul v. Paul et al, 41 S.D. 383, 170 N.W. 658, this court said that courts of record, such as probate and county courts, have inherent power, independent of statute, to vacate their own judgments that have been procured by extrinsic fraud and imposition upon the court. As we read the facts in Paul v. Paul, we are unable to discover parallel facts. The question of notice is not therein involved, but the power and jurisdiction to entertain the petition after the estate had been closed for three years is placed upon the ground of the court's inherent power independent of statute, but in the instant case there was no notice to the executrix that the final discharge, made on the 6th of December, 1934, would be set aside as late as March 3d 1942.
We think what was said In re Shafer's Estate, 50 S.D. 232, 209 N.W. 355, 358, must be controlling as to the necessity of giving notice, and we quote:
"An ex parte adjudication of the rights of a party not served with process, and without appearance or notice, is as much a miscarriage of justice, as where the adjudication is procured by extrinsic fraud, and there is no more chance for an orderly determination of the rights of the parties by trial and appeal than in case of fraud. The court has the same inherent right to vacate such void judgment." In re French's Estate, 267 Mich. 237,255 N.W. 278; Farley v. Davis et al., 10 Wn.2d 62,116 P.2d 263. See Daniels et al. v. Barnett, 122 Okla. 202, 253 P. 300, and Bancroft's Probate Practice Vol. 3 p. 1907.
The respondent properly tested the proceedings by her special appearance. We cannot agree with appellant that the special appearance was so worded that it constituted a general appearance. Clearly, the intent and purpose of the special appearance, made by respondent through her attorneys, was not a general appearance but a special appearance, *Page 583 
as it seems well restricted to challenge the validity of the service and the court's jurisdiction. In Robinson v. Glover et al., 60 S.D. 270, 244 N.W. 322, 323, this court collated our decisions and said:
"* * * that the test is the relief asked, in determination of which the court will look to the substance rather than the form; and that the real question is whether there is a submission to the power of the court or an active invocation of its power on non-jurisdictional matters."
The notice of special appearance and the matters contained in the record, when measured under the rule quoted, clearly amount to only a special appearance.
Appellant devotes much space in its brief to matters concerning the respondent's duties as executrix; also, its failure to receive notice of the final decree. If we were to deal with those matters, it might become pertinent to ask by what right the appellant felt itself entitled to question the proceedings in the settling of the estate and would involve the interpretation of the terms of the last will and testament in which the appellant is not named; also, the determination of the notice which is required in proceedings to secure distribution of the estate where a final settlement is involved. Monk et al. v. Morgan et al., 49 Cal.App. 154, 192 P. 1042; Murphy et al. v. Hahn et al.,208 Iowa 698, 223 N.W. 756. We do not believe; under the record as made and presented, we can determine those matters, even though the lower court permitted evidence to be introduced, over the objection of respondent. If, as we have said earlier in this opinion, respondent's appearance was special and not general, the issue would be one of law to determine the jurisdictional questions raised as the county court and the circuit court both had found that the county court acquired no jurisdiction of the respondent or the subject matter on account of lack of notice. That necessarily shuts the door to the inquiries and the presentation of arguments to matters not involved and for our attention in this appeal.
In examining the record we find that the county court issued its final discharge of surviving executrix on the 6th *Page 584 
of December, 1934. On the 3d of March, 1942, the appellant made an application for an order to set aside and vacate the order of final discharge of surviving executrix alleging and urging many reasons, one of them being that no full accounting had been made and that the order had been procured through misrepresentations which amounted to extrinsic fraud and that the appellant would be entitled to the rest and residue of the estate. The record does not disclose any notice or proceedings by which the respondent did receive any notice. In fact, the order does not make the usual recitals and contains no grounds upon which it is based, excepting that a petition has been filed; and, concludes as follows: "* * * is hereby set aside and vacated, and the same is hereby declared to be null and void for any purpose whatsoever."
The same day that the aforesaid order was made, the appellant filed an application for an order to show cause in which the following relief was asked:
"Wherefore, your petitioner prays for an Order to Show Cause commanding the surviving executrix Nellie T. Parker at a time and place fixed to make an accounting of the balance of the rest and residue consisting of approximately $9878.09 together with interest, and in fact of all monies received and monies paid out, for and in behalf of the above entitled estate since the first report filed March 31st, 1920, and to show cause why an Order should not be made ordering her to pay whatever balance of the rest and residue of this estate is found to exist upon a hearing by this Court, so applicant forthwith, and for such other and further relief as to this court may seem meet and proper in the premises."
Upon the application, the order issued consistent with the prayer for relief in the petition and ordered that it be served upon the executrix, Nellie T. Parker.
The county court heard appellant upon its petition and respondent's objection by way of special appearance. At the conclusion of the hearing, the court issued its order dismissing, canceling and setting aside the order to show cause and denied the relief prayed for by appellant. *Page 585 
In the trial on appeal in the circuit court, the circuit court made its order that the appellant's application should not be granted and that the order of the county court should be affirmed; the court stating, among other things, as follows: "* * * that said application of Ark of Refuge Rest Home is in all things denied for all of the reasons set forth in the special appearance of said Nellie T. Parker. * * *"
If the county court had issued its order setting aside the final discharge upon good and sufficient notice and for good reasons upon a hearing; then, we might have been confronted by the order to show cause why a further accounting should not be made; and, in that event, we would be confronted with the evidence that the appellant had knowledge of the distribution and settlement of the estate; but, under the record as it now stands, we do not reach a consideration of the contentions urged by appellant in that respect.
We do not believe that the order of the court should be disturbed. This court In re Nelson's Estate, 26 S.D. 615, 129 N.W. 113, 116, clearly pointed out the desirability of making final decrees conclusive, and we quote:
"The aim of our Probate Code is clearly to make the decree allowing a final report a finality so far as that court is concerned, and to compel those aggrieved to resort to an appeal or other relief in some other court. The only exception from this strict rule being in favor of those under disability, and to them is given an absolute right to seek, by petition in county court, what adults must seek elsewhere, * * *."
For all of the foregoing, the order appealed from is affirmed.
POLLEY, J., concurs.
ROBERTS and RUDOLPH, JJ., concur in result.
SMITH, J., absent and not sitting. *Page 586