Carrie A. Parker died November 29, 1915, and letters testamentary were issued to Nellie T. Parker and W.E. Roney. On December 6, 1934, a final decree was entered and so far as here material reads as follows:
"It appears to the Court now here, on satisfactory proofs and the evidence * * * that said Estate has been fully administered, as by the final account of Nellie T. Parker, surviving Executrix of said Estate, duly audited and hereby allowed by this Court, pursuant to due notice given and served, will appear, reference being had thereto.
* * * * * *
"And it further appearing that the said deceased died testate, and the residue of said estate consists of the following described real and personal estate, to-wit:
"Lots Ten (10) to Eighteen (18), Block Four (4) of McClelland's Addition to West Sioux Falls, an Addition to the City of Sioux Falls, South Dakota.
"A guaranty fund certificate dated the 23rd day of August, 1924, in the sum of $819.49, on which dividends have been paid in the amount of 25%, and possibly some other minor personal assets.
"And it further apearing that all the bequests as provided for in the Will of the Deceased have been paid, so far as it was possible to pay the same, and there it was provided in said Will that the residuary estate should be used and expended for the support, maintenance and care of the aged, and the selection to be made by the Executors and Trustees named in said Will, and the Executors and Trustees having turned over the use of the residuary estate to the Ark of Refuge Rest Home Corporation, of Sioux Falls, South Dakota, and being of the opinion that said real estate and any remaining personal estate should by decree of this Court be *Page 472 
transferred and vested in said Ark of Refuge Rest Home Corporation, said Corporation being particularly engaged in the work of caring for and supporting the aged, and that by so doing, the terms of said Will will be complied with, and having so made said selection as provided by the terms of said Will.
"And it further appearing that the following named Corporation is entitled to all of said Estate by law, to-wit: Ark of Refuge Rest Home Corporation, of Sioux Falls, South Dakota.
"Now, therefore, on the petition of Nellie T. Parker, and pursuant to due notice and the law in such cases provided,
"It is ordered, adjudged and decreed, and this Court, by virtue of the powers and authority vested in the same by law, does hereby order, adjudge and decree: That all and singular of the above described real and personal property be, and the same is hereby assigned to and vested in the said Ark of Refuge Rest Home Corporation, of Sioux Falls, South Dakota, in the following proportions:
"All of the above described real estate and all of the above described and remaining personal property, whether particularly described herein or not, belonging to said Estate.
"To have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to the said above named corporation, its successors and assigns forever."
On March 4, 1942, the Ark of Refuge Rest Home Corporation obtained in county court an order directing the executrix, Nellie T. Parker, to show cause why a further accounting should not be filed. Nellie Parker, a resident of Minnesota, entered a special appearance claiming that the court was without jurisdiction. Judgment of the circuit court affirming the order of the county court dismissing the cause for want of jurisdiction was on appeal to this court affirmed. In re Parker's Estate, 69 S.D. 579,13 N.W.2d 421.
Prior to the grant of letters testamentary, Nellie T. Parker filed a bond with Benson H. ReQua and W.L. Baker as sureties, in the amount of $6,000, conditioned for the faithful performance of her duties as testatrix and for the *Page 473 
accounting of moneys and property coming into her possession. On May 11, 1942, the Ark of Refuge Rest Home Corporation filed a claim against the estate of Benson H. ReQua, deceased. The basis of the claim is that funds for which the executrix failed to account or which were distributed or loaned without authority belong to the appellant as the residuary legatee. It is stated in the claim that the "Ark of Refuge Rest Home Corporation, on March 4, 1942, applied to the judge of the probate court in and for Minnehaha county, South Dakota, for an order to show cause commanding the surviving executrix, Nellie T. Parker, to account for approximately $9,878.09 together with interest, and in fact of all moneys received and paid out in behalf of the estate of Carrie A. Parker, deceased" and claimant made the application a part of the proof of claim by reference. The application referred to states "that in accordance with the reports of sales of real property and notes, aside from rents and incomes from said real estate prior to sale thereof, all of which more than took care of upkeep, cost of administration including attorney fees, the total amount thus realized without taking into account interest was $34,435.00; that the total amount paid out on bequests and legacies according to vouchers filed such as canceled checks and receipts amounted to only $28,172.90 leaving a balance unaccounted for, of the rest and residue of $6,262.10"; that there were "overpayments on bequests and legacies" amounting to $3,165.99; and that there was "a loan of estate funds without authority of court" in the amount of $450.
Appellant contends that the final decree which distributed to it the "remaining personal property, whether particularly described herein or not, belonging to said estate" vested in appellant the funds described in its application.
[1, 2] The county court is by the constitution and statutes of the state given original jurisdiction in all matters of probate and settlement of estates of deceased persons. Sec. 20, Art. 5, Constitution; SDC 32.09. The county court in its final decree "must name the persons and proportions or parts to which each shall be entitled, and such persons may demand, sue for, recover their respective shares from the executor or administrator, or any person having the *Page 474 
same in possession" and the decree is "conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." SDC 35.1708. Although a county court is one of limited jurisdiction, its adjudications within the scope of its jurisdiction are of equal rank with judgments of courts of general jurisdiction, impart the same degree of verity and are not subject to collateral attack in the absence of fraud. Broast v. Interstate Surety Co., 48 S.D. 581, 205 N.W. 717. A decree or judgment of the county court may be erroneous, but if it be rendered upon due process and no appeal therefrom is taken, it becomes final and conclusive.
[3] Appellant without appearance or objection allowed the final settlement to be made and the final decree and an order discharging the executrix to be entered. No appeal was taken from the determination of the county court. The estate was fully administered and appellant was bound to the same extent as any other distributee or interested party.
[4] The decree of final distribution determined that the residue of the estate consisted of a parcel of real property described therein, a guaranty fund certificate and "possibly some other minor personal assets" and that same vested in the appellant. It is not contended that executrix failed to surrender possession of the real property and the certificate in compliance with the decree or that the final decree has in fact confirmed in appellant title to the funds in controversy. Appellant claims in effect that there were irregularities in the final settlement and distribution. These alleged errors were remediable on appeal, but are not because of the omnibus clause in the final decree now reviewable.
The judgment appealed from is affirmed.
SMITH, P.J., and POLLEY and RUDOLPH, JJ., concur.
SICKEL, J., concurs in result. *Page 475