## IN RE STEVENS ESTATE.

BAUM IRON COMPANY, Respondent, v. CARLOCK, Administrator, Appellant.

(184 N. W. 205.)

(File No. 4903.   Opinion filed August 18, 1921.)

1. **Executors and Administrators—Probated Claim, Allowance and Approval, Subsequent Served Order Re Administrator's Report, Erroneous Rejection of Claim on Return Day—Subsequent Non-applicable Statute.**

Where county court by order approved allowance by administrator of a claim, and thereafter, pursuant to Chap. 207, Laws 1913, issued its order reciting that administrator's report showed all claims presented against the estate and his action

thereon, and fixing date when report would be heard, which order was served on said claimant; the court having upon return day of said order entered another rejecting the claim on ground that it was not properly verified, which order of rejection was thereafter vacated upon claimant's application; held, that circuit court properly affirmed such vacating order; that county court's order approving the claim was final, which order could not be vacated except in a proceeding therefor upon proper notice to claimant; that Chap. 207, Laws 1913, providing for hearing after expiration of time for hearing claims, on which hearing court shall act on all claims filed, is inapplicable, since the claim in question had been acted upon before said law became effective.

2.  **Same—Verification of Claim—Blank Form Under Foreign Statute, Substantially Covering Our State Statute, Sufficiency.**

A verification of a claim in probate, made on a blank form following the wording of a foreign statute, but which contained language fairly covering every requirement of our statute, was sufficient.

3.  **Same—Verification of Claim by Assistant Treasurer, Non-showing That Company was Corporation, Immaterial**

The objection to the verification of a claim in probate, that it was made by an assistant treasurer of a company not shown to have been a corporation, is untenable; as whether claimant is a corporation or a partnership is immaterial, and the fact that verification was by assistant treasurer evidenced that he was one qualified to make verification, he being presumed possessed of sufficient knowledge to render him competent to verify it; even were the claimant a partnership, and the verifying party was not a member thereof, yet, being in position to be presumed to know the facts explains why affidavit was not made by a partner. Detroit Automatic Scale Co. vs. Torgeson, 36 S. D. 564, distinguished.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

In the matter of the Estate of Victor H. Stevens, deceased. The county court having made an order approving administrator's allowance of the claim of Baum Iron Company, plaintiff, and thereafter upon return of order fixing the date when administrator's report would be heard, court by order rejected the claim, whereupon plaintiff claimant brought the present proceeding to have said order of rejection vacated, which vacating order was made, from which latter order W. B. Carlock, as Administrator de bonis non of the Estate appealed to the Circuit Court, from

the judgment of which latter court affirming said vacating order, the administrator appeals.   Affirmed.

*W. J. Hooper,* for Appellant.

*E. O. Patterson,* and *H. A. Gunvordahl,* for Respondent.

(2)   To point two of the opinion, Appellants cited:   Nat. Bank. v. Kleinschmidt, 33 S. D. 132, and cases there cited; Sec. 3390, Prob. Code.

Respondent submitted that:   The Kleinschmidt case, supra, relates to procedure where probate claim is rejected in first instance, and to the court in which *action is brought* on such claim, citing:   Sec. 3397, Code 1919 (being Sec. 178, Prob. Code;) that County court had jurisdiction to adjudicate this claim; citing Johnson v. Rutherford, 147 N. W. 390.

(3)   To point three, Appellants cited:   Detroit Automatic Scale Co. v. Torgeson, 36 S. D. 564.

Respondent cited:   Cullerton v. Mead, 22 Cal. 95; Ross Prob. Prac. Vol. 1, p. 529.

WHITING, J.   Appeal from a judgment based upon findings of fact and conclusions of law, which judgment affirms an order of the county court allowing a claim held by respondent against the estate of one Victor H. Stevens, deceased.

From the findings it appears that the claim was filed with the then administrator of the estate on April 13, 1913; that it was allowed by the administrator and approved by the county court on April 17, 1913, and the claimant advised of such allowance and approval; that thereafter, and in July, 1914, the county court, pursuant to the provisions of chapter 207 of Laws of 1913, issued its order, which, after reciting that the administrator had filed his report showing all the claims presented against the estate and the administrator's action thereon, fixed a date when such report would be heard and acted upon by the county court; that this order was served on claimant; that it contained nothing to advise him that the court would, upon such hearing, review its own action theretofore had on any claim; that upon the return day of said order, the county court entered an order rejecting the claim; that such order based such rejection upon the ground that the claim was not properly verified; that thereafter claimant brought this present proceeding wherein he sought to have the county court vacate its order of rejection; that the county court

did vacate such order; and that from such order vacating the former order of the county court appeal was taken to the circuit court. It was the action affirming the county court from which this appeal has been taken.

[1] There is absolutely no merit in appellant's contentions herein. When, on April 14, 1913, the county court made its order approving the claim, such action was final. Said court could not thereafter vacate such order except in a proceeding seeking its vacation and upon proper notice to the claimant. Chapter 207 of the Laws of 1913 (which provides for a hearing after the expiration of the time for filing claims, upon which hearing the county court shall act upon all claims filed) had no application to this particular claim, for the very patent reason that such claim had been acted upon by such county court before such law went into effect.

[2, 3] There is no merit in the contention of appellant that the verification of the claim was insufficient. It is quite probable that the verification was made on a blank form, following the wording of the statute of the state wherein such verification was executed. While the words of such verification do not follow the language of our statute, they do contain language fairly covering every requirement of our statute. The appellant contends that the verification was insufficient, because it purports to have been made by an assistant treasurer of a company, without any showing that such company was a corporation. It matters not whether the claimant is a corporation or a partnership; it appearing that the party making the affidavit was the assistant treasurer of such company whatever its nature, it appeared that he was one who, from the very nature of his official position, would be qualified to make the affidavit of verification. Appellant relied upon the decision of this court in Detroit Automatic Scale Co. v. Torgeson, 36 S. D. 564, 156 N. W. 86. In that case, one purporting merely to be the agent of claimant company made the verification; and this court held that the mere statement that a person making the affidavit was an agent of a company did not show competency to make such an affidavit, or any reason why the affidavit was not made by the claimant himself. There is no similarity in the two cases. One occupying the position of treasurer, or assistant treasurer, of a company of whatever nature, must be presumed to be

possessed of sufficient knowledge of the claims held by such company to render him competent to verify such claims. Furthermore, if such claimant was not a corporation, but, instead, a partnership, and the party making the verification was not a member of such partnership, yet his being in a position where he must be presumed to know the facts sufficiently explains why the affidavit was not made by a member of the partnership.

The judgment appealed from is affirmed.