In re BARNES' ESTATE.

DEEG, Respondent, v. BARNES, Appellant.

(220 N. W. 527.)

(File No. 5762. Opinion filed July 14, 1928.)

*Wilmarth, McCoy & McCoy,* of Huron, for Appellant.
*Gardner & Churchill,* of Huron, for Respondent.

BROWN, J. Respondent Deeg filed with the administratrix of the estate of Wm. H. Barnes, deceased, a claim against the decedent, which on November 23, 1922, was allowed by the administratrix, and on December 5, 1922, allowed and approved by the county judge. On September 8, 1923, upon an ex parte application of the administratrix, the county court made an order "withdrawing, vacating, setting aside, and canceling the allowance and approval" of said claim and ordering the claim filed as a contested claim. September 19, 1923, was set for the hearing of said contested claim, and 10 days' notice of the time and place of hearing was given Deeg by registered mail to his post office address, Huron, S. D. On that date the parties appeared in person and by their attorneys, and, without objection of any kind on the part of respondent to the cancellation of the former allowance and approval of the claim, the hearing was had, evidence produced in the county court, which made an order dated September 23, 1923, allowing the claim in full. From this order the administratrix appealed to the circuit court, where a trial was had before the court without a jury. The court made findings and conclusions favorable to respondent, upon which judgment was entered allow-

ing respondent's claim, to be paid in the due course of administration, and further adjudged that the order of the county court of September 8, 1923, vacating, setting aside, and canceling the former approval and allowance of the claim by the administratrix and county judge was null and void, and "the same is hereby restored and adjudged to be in full force and effect." From this judgment and an order denying a new trial, the administratrix appeals to this court.

Respondent's claim as filed in the county court is said to be founded upon a promissory note (a copy of which is attached to the claim) for the sum of $18,000, dated March 22, 1921, due March 22, 1922, with interest at 8 per cent per annum until maturity, and 10 per cent thereafter until paid, payable to the order of George Deeg, purporting to be signed by J. F. Hoeck and H. E. Gorton, and indorsed on the back as follows:

"For value received I hereby guarantee the payment of the within note at maturity, or any time thereafter, and hereby waive protest, demand and notice of demand and nonpayment and suit, against the maker, and consent that the time of payment of this note be extended from time to time without affecting my liability thereon.

"W. H. Barnes.<br>
"W. L. Mall.

"Extended to March 22, 1923."

■ Appellant says that the note held by Deeg did not have the guaranty and waiver above quoted indorsed on the back, and therefore the copy attached to the claim was not a copy of the instrument on which the claim is founded, required by R. C. § 3394. But the face of the purported copy attached to the claim contained this clause:

"The respective guarantors and indorsers hereof severally waive presentment for payment, protest, notice of nonpayment and of protest of this note and consent to any extensions or renewals thereof."

This is, in substance, the same provision as that in the purported indorsement, and therefore the copy attached to the claim was in substance a copy of the instrument upon which the claim was founded.

 While the record does not show that the appeal to the circuit court was upon questions of both law and fact, it does show that the trial in the circuit court was had on that theory, and on such appeal the trial in the circuit court must be de novo, and must be conducted in the same manner as if the case had originated in that court. R. C. § 3564.

Although the record indicates that the attorneys for respondent had the original note in their possession at the trial, no evidence of its execution by either the makers or indorsers was given, and the note was not offered in evidence. The only evidence given in support of respondent's claim was the creditor's claim as filed in the county court with the allowance and approval of the administratrix, dated November 23, 1922, and the county judge's allowance and approval, dated December 5, 1922, and the inheritance tax report, signed and verified by the administratrix, in which there was listed, among the liabilities of the estate, respondent's claim for $18,000.00.

Upon this proof and the claim that the county court had no jurisdiction to make the order vacating the original allowance of the claim, the decision of the trial court must stand or fall.

 R. C. § 3172, subd. 10, gives the county court jurisdiction, for sufficient cause and upon such notice as the court may direct, to reopen or correct any order or judgment made by the court. Whether the sentence "Upon such notice as the court may direct" would warrant the court to reopen a proceeding upon no notice at all because it had directed none need not be considered in this case, because respondent acquiesced in the order vacating the allowance of his claim, and voluntarily appeared and participated in the hearing fixed by the court in the same order, for, hearing the claim as a contested claim, and having acquiesced in this order, he cannot now say that the order was of no effect and that the allowance of his claim by the administratrix is still in force.

In support of his contention that the order of the county court vacating the allowance of the claim was absolutely void, and of no effect whatever, respondent cites in re Stevens' Estate, 44 S. D. 385, 184 N. W. 205, and quotes from the opinion in the case as follows:

"When * * * the county court made its order approving the claim, such action was final. Said court could not thereafter vacate such order except in a proceeding seeking its vacation and upon proper notice to the claimant."

But this language must be considered in connection with the facts in that case. There the claim had been allowed by the administrator and by the county court, and, at a hearing on a report of the administrator, showing all claims presented against the estate and the action had thereon, notice of which hearing contained no intimation that the court would review any allowed claim, the court rejected claimant's allowed claim on the ground that it was not properly verified. The claimant in that case did not acquiesce in the order of rejection, but moved to have it vacated, and the county court did vacate such order, leaving the claim allowed and approved. From this vacating order an appeal was taken to the circuit court, where it was affirmed, and appeal taken from the circuit court to the Supreme Court. It will readily be seen that the decision in Stevens' Estate has no application to the facts in the case at bar.

Even if the allowance of the claim by the administratrix and the county court should be held to have the effect of a judgment, yet a judgment during the team at which it was rendered may be set aside without notice, and notice of application to vacate and set aside a judgment after the term at which it was rendered may be waived by appearance or otherwise. 44 C. J. 349, 350; Rivers v. Olmsted, 66 Iowa 186, 23 N. W. 392.

The judgment appealed from must therefore depend for its support entirely upon the proof produced in the circuit court in support of plaintiff's claim. The order vacating and setting aside the allowance of the claim by the administratrix leaves that allowance and the county court's subsequent approval without any standing as an adjudication, and, at the most, the administratrix's indorsement on the claim could only have the effect of an admission by her. Whether, after being set aside and canceled, it could be deemed even an admission, need not be determined, because, considering it as an admission, it was not competent evidence to prove a liability against the estate. "The agency of an executor or administrator, merely as such, does not extend to the making of admissions with respect to matters of which he has no first hand

knowledge, as for instance, an existence of an indebtedness by the decedent in his life time." 22 C. J. 407.

The listing of the claim of respondent in the inheritance tax report and inventory, is likewise at most an admission by the executor which is not competent evidence to establish a liability against the estate, and, since the indorsement of the administratrix on the claim originally filed, and the listing of the respondent's claim in the inheritance tax report constitutes the only evidence given in the circuit court in support of plaintiff's claim, it follows that there was a total failure to prove a liability in favor of respondent against the estate.

The judgment and order denying a new trial are reversed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., dissents.