### In re TAYLOR'S ESTATE

CROSBY, Appellant, v. TAYLOR, et al, Respondents.

(222 N. W. 686.)

(File No. 6332. Opinion filed December 31, 1928.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Respondents.

POLLEY, J. This appeal involves the matter of a claim of the appellant, Crosby, against the estate of Isaac C. Taylor, deceased. The first publication of the "Notice to Creditors" was on the 23d day of July, 1925, and the time for presenting claims expired on the 23d day of January, 1926. Crosby lived in Sioux City, in the state of Iowa, and did not know of Taylor's death until the 6th day of January, 1926. Between the latter date and the 23d day of said month of January, Crosby made three attempts to file his claim against Taylor's estate, but because of his failure to comply with the statutory requirements in either case, neither attempt was effective (Bank v. Kleinschmidt, 33 S. D. 132, 144 N. W. 934), and it is conceded by appellant that no sufficient claim was filed within the time fixed by the "Notice to Creditors."

Appellant then undertook to excuse his delay in filing his claim

by showing: That he had no notice by reason of being out of the state and procured from the county court an order to show cause, "Why the County Court should not accept and file said claim and treat the same as though it had been filed within the six months' period provided in the 'Notice to Creditors.'"

Upon the return to this order, the county court made and entered an order stating, in part, as follows:

"And the court being of the opinion that because the claimant was out of the State of South Dakota at all the times that the 'Notice to Creditors' was being published, claimant would have up to the decree of distribution in which to present his claim for allowance, or to amend said claim and present * * *

"It is ordered that the claimant, Thomas F. Crosby, may present, or amend and present, his said claim against the estate of Isaac C. Taylor, deceased, at any time before a decree of distribution is entered."

From this order the administrator took an appeal to the circuit court. The claimant moved to dismiss this appeal on the ground that the order is not an appealable order. The motion was overruled and the order appealed from was reversed and the order to show cause dismissed. From this order the claimant appeals to this court.

■ Two questions are presented for our consideration: The first is, Was the order of the county court an appealable order? Under the provisions of subdivision 8 of section 3550, Rev. Code 1919, "An appeal may be taken to the Circuit Court from a judgment, decree, or order of the County Court * * * affecting a substantial right in probate matters." In this case the only question involved is the right of the claimant to file his claim. If the order of the county court appealed from by the administrator were to become final, it would preclude the administrator from rejecting the claim on the ground that it had not been presented in time. Therefore the order appealed from does affect a substantial right and under the provisions of section 3550 is appealable.

■ The other question involved is: Was the claimant excused from filing his claim within the time specified in the notice to creditors because he was out of the state? By section 3389, Rev. Code 1919, it is provided that any claim not presented within the time fixed by the notice "is forever barred," unless it is made to

appear that the claimant "had no notice by reason of being out of the state." This provision applies to all claimants within the state regardless of whether they have notice or not and it applies to all persons outside of the state who do have notice. In this case the claimant did have notice. Therefore the fact that he was not within the state is wholly immaterial. He had from the 6th to the 23d day of January after receiving notice. This was ample time for him to file his claim, and he actually did, in different ways, attempt to file three different claims.

This case is governed by Printz-Biederman Co. v. Torgeson, 41 S. D. 48, 168 N. W. 796, and it is wholly unnecessary to consider the numerous other propositions of law argued in appellant's brief.

The order appealed from is affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.