HARMDIERKS, Respondent, v. SMITH, Appellant.

(227 N. W. 845.)

(File Nos. 6563 and 6593. Opinion filed November 26, 1929.)

Chas. R. Hatch, of Wessington Springs, and Null & Royhl, of Huron, for Appellant.

Hitchcock & Sickel, of Mitchell, for Respondent.

BROWN, J. On January 28, 1920, a contract for the sale of the NW¼ of 17–106–63 was entered into between Ed Elliff, the owner, and Henry M. Olson, his agent, as vendors, and Fred Harmdierks and George Harmdierks, as vendees. The agreed price was $23,200, of which $3,200 was receipted for in the contract, $10,000 was to be paid March 1, 1921, and the remaining $10,000, secured by mortgage, due in five years from March 1, 1920. John Harmdierks was the father of the vendees, and had no connection whatever with the deal, but the cash payment of $3,200 appears to have been made by the two vendees giving a note for the amount, due October 1, 1920, to which note Fred, without any authority or consultation with his father, signed his father's name. There is evidence that at this time the father was mentally incompetent, and on October 3, 1921, Fred was appointed guardian of the person and estate of his father, on the ground that the father was physically and mentally unable to take care of himself or his property or effects. John Harmdierks died March 13, 1922, and his son Fred was appointed and qualified as administrator of his estate on November 19, 1923.

The notes given by Fred and George for the purchase price of the quarter section not having been paid when due, Elliff and Olson induced Fred to apply to the county court for an order authorizing him, as guardian, to mortgage his father's real estate for the purpose of paying for the quarter section. Such an order was obtained, and on November 12, 1921, three notes, for $3,775.60 each, due November 12, 1922, payable to the order of Ed Elliff, with interest at 8 per cent, and signed "Fred Harmdierks, Guardian of John Harmdierks," and secured by a mortgage on the E½ of 33–107–63, were delivered to Elliff, who seems to have retained one of them, transferred one without recourse to Citizens' State Bank, of Lane, and another to defendant Freeman Stratton. Notice to creditors was published in the administration proceeding; within the time limited by law the bank presented its claim for $4,811.65, being the face of the note transferred to it, with interest, and Elliff presented a claim for $9,023.30, being the face of the other two notes, with interest. The administrator refused to allow either of those claims, on the ground that neither John Harmdierks nor his estate ever owed any such indebtedness, but that the notes were signed by Fred Harmdierks personally, and were given for the personal debt and obligation of Fred and George Harmdierks. On a hearing, at which the heirs were present in person and by counsel, the county court on December 22d made an order allowing the claims, from which order no appeal has been taken.

On August 5, 1925, the first annual report and account by the administrator was filed, in which he mentioned the claims of the bank and Elliff, and stated that they had been allowed by the county court, but that the claims were not valid claims against the estate, for the reasons already stated herein. On the hearing of this report, Lena Harmdierks, the widow of deceased, filed written objections to the allowance of the claims on the grounds already stated, and on the further ground that the claims, not having been allowed by the administrator, were rejected at the expiration of 10 days from their presentation, that they were not presented until after the time for presentation of claims had expired, and that she was the owner of the mortgaged premises, which had been conveyed to her by warranty deed by her husband, John Harmdierks, on September 1, 1921. On a hearing of this report the county court again allowed the claims and signed two orders on the subject, one

presented by attorneys for the claimants, and the other by attorneys for the estate. The first was dated August 24, 1925, filed September 9, 1925; the second was dated September 8, 1925, and filed September 9, 1925. The orders were in substance the same, each reciting the objections to the allowance of the claims, and ordering that they be approved and allowed, and that further hearing on the remaining part of the account be adjourned to a future date. An appeal was taken by the administrator and Lena Harmdierks and the other heirs to the circuit court upon questions of both law and fact, and upon trial of the case in the circuit court findings and judgment were given disallowing the claims, from which judgment, and an order denying a new trial the claimant, Citizens' State Bank of Lane, alone appeals.

Appellant contends that the appeal to the circuit court "was from two separate and distinct orders, the time for appeal having expired as to one of said orders. The appeal was a double appeal, and bad for duplicity.." If the time for appeal had expired as to one of the orders, the appeal could not be a double appeal, and could not be bad for duplicity. And, in any event, both orders were substantially to the same effect, and both were entered on the same day. There was therefore no duplicity in the appeal, and the motion to dismiss was properly denied.

On the trial in the circuit court no attempt was made to show that any authority was ever given by John Harmdierks for the signing of his name to the $3,200 note for the purchase price of this land, or that he had ever ratified the placing of his name on the note, or that he had any connection whatever with the purchase of the quarter section of land. The sole reliance of claimants in the circuit court was their contention that the order of the county court allowing the claims on the hearing on contested claims was a final adjudication, and that, no appeal having been taken therefrom, the allowance could not be otherwise disputed or called in question.

It is elementary that the right of appeal is statutory, and, in the absence of a statute allowing it, no appeal may be taken. Huron v. Carter, 5 S. D. 4, 57 N. W. 947; Grigsby v. Minnehaha County, 6 S. D. 494, 62 N. W. 105; McClain v. Williams, 10 S. D. 333, 73 N. W. 72, 43 L. R. A. 287, 289. Rev. Code 1919, § 3550, enumerates in eight subdivisions the cases in which an appeal may be taken from a judgment, decree, or order of a county court, and

a judgment or order allowing or refusing to allow a claim against a decedent's estate is not among those enumerated. Subdivision 6 of this section provides that an appeal lies from a judgment or order settling an account of an executor or administrator, and subdivision 8 that an appeal lies "from any other judgment, decree or order of the county court, or the judge thereof, affecting a substantial right in probate matters." If the order of the county court allowing appellant's claim at the hearing on contested claims is appealable at all, it must be under the provisions of subdivision 8 quoted above. In re Taylor's Estate, 222 N. W. 686, we held that under the provisions of this subdivision an order granting leave to *file* a claim after the statutory time had elapsed was an order affecting a substantial right in a probate matter and was therefore appealable. ·

But the question involved in this case is entirely different from that involved in Re Taylor's Estate. In that case it was clear that, if the order there made was not appealable, the administrator would be precluded from rejecting a claim on the ground that it was not filed in time, a duty imposed upon him by law, and the order therefore clearly affected a substantial right. But an order allowing or refusing to allow a claim that has been properly presented is not an order affecting a substantial right in probate matters, because the remedy for such allowance or refusal is prescribed by statute otherwise than by appeal. If a claim is rejected upon a hearing on contested claims, it would ordinarily do the claimant no good to appeal, because section 3395 provides that, when a claim is rejected on such hearing, the holder must bring suit thereon in the proper court against the executor or administrator within three months after the rejection; otherwise the claim shall be forever barred. It is thus plain that in the great majority of instances before the appeal could be brought to a hearing the claim would be barred. It is therefore quite obvious that it is not contemplated that a claimant whose claim has been rejected on a hearing on contested claims shall appeal from the order. His remedy is to bring suit within three months after the rejection in a court having jurisdiction of such a suit. On the other hand, if the claim is allowed upon such hearing, it is equally obvious that such allowance can have no other effect than an allowance by the executor and county judge of an uncontested claim, from which allowance the executor

could not appeal, since he could not appeal from his own voluntary act, and the claimant could not appeal, because, his claim having been allowed, he would have no ground for appeal.

Furthermore, we are satisfied that Rev. Code 1919, § 3380, is still in force, which provides that, on the hearing of any account of an executor or administrator, "all matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of sale, may be contested by the heirs for cause shown," and that the judgment or order made by the county court on the hearing of any such account is appealable under the provisions of subdivision 6, § 3550, allowing an appeal from any judgment or order settling an account of an executor or administrator. The provisions of section 3380 were contained in section 253 of the Probate Code of 1877, and at that time section 175 of the Probate Code (1877) provided that, on hearing of an application for the sale of real estate, "all claims against the decedent not before presented, if the period of presentation has not elapsed, may be presented and passed upon at the hearing."

This provision that certain claims might be presented at the hearing of a petition for the sale of real estate continued in the statutes until the adoption of the Revised Code of 1919. In that revision it was left out and appellant contends that thereby at least the clause "or on making a decree of sale" in section 3380 became obsolete. While that may be true, it does not follow that appellant's further contention is sound that, because section 3393 provides for hearing on contested claims, therefore the whole of section 3380 has become obsolete. Appellant's argument that under the old law neither the administrator nor the judge had the authority to require the presentation of evidence upon a claim is clearly unsound. Section 171 of the Revised Probate Code of 1903 provided that the executor or administrator may require satisfactory vouchers or proofs to be produced in support of the claim, and this is carried into section 3390 of the Revised Code of 1919. while section 177 of the Revised Probate Code of 1903 provided that, when a claim is presented to the judge for his allowance, he may, in his discretion, examine the claimant and others on oath, and hear any other legal evidence touching the validity of the claim. This appears verbatim in section 3396 of the Revised Code of 1919.

There is thus clear provision both for the administrator requiring proof and for the county judge requiring evidence on oath before passing upon a presented claim, which, if disapproved by either, must be filed as a contested claim. Section 3393 contains no provision for personal notice of the hearing on contested claims to be given to heirs, and there is nothing in the section indicating that heirs are entitled to participate in such hearing. The contest contemplated seems to be between the executor and administrator, on the one hand, and the claimants, on the other, and the provision of section 3380 that the heirs may contest any allowed claim on the hearing of an administrator's account or the rendering of an exhibit is not in any way inconsistent with the provisions of section 3393 relating to hearings on contested claims.

But appellant insists that on the hearing on contested claims the heirs are represented by the executor or administrator, and in support of this position cites decisions holding that, where an executor or administrator is authorized to bring action to quiet title, judgment in such actions is binding upon the heirs, although they are not made parties to the proceeding. We have no occasion to differ with such decisions. The principle they apply is no doubt correct, in the absence of any statutory provisions otherwise controlling. But before the adoption of our statute relative to hearings on contested claims heirs were as much represented by the executor or administrator, as they are now, and yet there can be no question that under the provisions of section 253 of the Probate Code (now Rev. Code 1919, § 3380), on the hearing of an administrator's account, allowed claims might be contested by the heirs for cause shown, before the adoption of the statute providing for a hearing on contested claims. Beckett v. Selover, 7 Cal. 215, 68 Am. Dec. 237; Wise v. Williams, 88 Cal. 30, 25 P. 1064; Kowalsky v. Superior Court, 13 Cal. App. 218, 109 P. 158: In re Mouillerat's Estate, 14 Mont. 245, 36 P. 185; Johnson v. Rutherford, 28 N. D. 87, 147 N. W. 390.

Section 3393, providing for a hearing on contested claims, was enacted as a part of the Revised Code at the time and by the same enactment that section 3380 was enacted. Both are sections in a Code that was adopted by the Legislature as a single enactment, and it is the duty of this court to give effect to both sections, if possible.

Let us suppose that, instead of allowing appellant's claim, the county court had rejected it, and at the end of 60 days thereafter he had brought suit on the rejected claim, as provided in section 3395, and had been met with the contention on the part of the administrator that the order of the county court rejecting his claim was final, unless appealed from, that such appeal must be taken within 30 days from the making of the order, that such 30 days had expired, and he had failed to appeal, and that the order of the county court had thereby become final, and no action would lie under the provisions of section 3395.

We can hardly conceive of appellant acquiescing in this contention of the administrator, and forthwith abandoning his claim and dismissing his action at his own costs. But if the adoption of the law relating to the hearing on contested claims has by implication repealed section 3380, authorizing heirs to contest any allowed claim on the hearing of a report of the executor or administrator, by the same logic it seems to us that it must be held that the adoption of such law has also by implication repealed section 3395, authorizing suit to be brought on a rejected claim within three months after its rejection.

We are of the opinion that an order allowing or rejecting a claim by the county court on the hearing of contested claims is not a final adjudication, and is not an appealable order, and that after allowance on such a hearing the claim may be contested by heirs for cause shown, under the provisions of section 3380.

Appellant's argument that the administrator's report of contested claims, required by section 3393, is such an account as is contemplated by section 3380, and that therefore the allowance of the claim at the hearing on contested claims was a passing upon the claims on the settlement of a former account cannot be sustained. The report on contested claims is in no sense such an account as is contemplated by section 3380. On the hearing of an account, under section 3380, the court may appoint one or more referees to examine the account and make report thereon, and may allow a reasonable compensation to the referees, to be paid out of the estate. On the hearing of contested claims, the county judge must make his decision without the aid of any referee, and he would have no authority to appoint one or more referees, and to make allowance for their compensation, to be paid out of the estate

on the hearing of a contested claim. We are satisfied that the heirs, notwithstanding they may have appeared at the hearing on contested claims, had a right to object to the allowance of the claims in controversy on the hearing of the administrator's annual account, and that the circuit court had jurisdiction of the appeal from the orders of the county court made upon such hearing.

It is argued that the evidence is insufficient to justify the decision of the circuit court. As we have heretofore observed, there was no evidence whatever in any manner connecting John Harmdierks, or his estate, with the land transaction, which was the only consideration for the notes which are the foundation of appellant's claim. Appellant contends that, while the appeal was pending in the circuit court and before the decision of the circuit court was made, the appeal was abandoned by the filing of a petition for partial distribution of the estate. Counsel contends that in this petition a partial distribution was asked for by the administrator, and it was agreed thereby that the $E\frac{1}{2}$ of 33–107–63 should be distributed to Lena Harmdierks, and that she should mortgage the premises to get the money to pay the claim of Citizens' State Bank and Edward Elliff in a reduced amount, which had been agreed upon by the administrator and the claimants. Lena Harmdierks was not a party to this petition for partial distribution. In the decree made upon the petition, the court assigns this property to her, on the ground that it had been conveyed to her by her husband in his lifetime, and nothing whatever is said in the decree about any compromise or any understanding that Lena Harmdierks would mortgage the premises to pay the amount of any alleged compromise to the bank or Elliff. It is clear that the filing of this petition for partial distribution, and the order of the court made thereon, was no waiver of the appeal then pending in the circuit court.

The judgment and order appealed from are affirmed.

CAMPBELL, J., having been absent when this cause was orally argued, takes no part in the foregoing opinion.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.