IN RE KAYSER'S ESTATE.

SECURITY NATIONAL BANK, Respondent, v. KUNDERT, et al, Appellants.

(229 N. W. 520.)

(File No. 6729.   Opinion filed February 28, 1930.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*Wicks & Quinn,* of Scotland, for Respondent.

BROWN, P. J. Respondent, claiming that John Kayser, deceased, was indebted to it on two promissory notes, filed a claim therefor with Kayser's executors which was rejected and thereafter presented to the county court as a contested claim. On a hearing had after statutory notice, at which hearing the claimant and the executors were both represented, the county court made an order rejecting the claim. From this order respondent appealed to the circuit court, and from a judgment of the circuit court allowing the claim the executors appeal.

In Harmdierks v. Smith, 227 N. W. 845, we held that an order allowing or rejecting a claim by a county court on the hearing of contested claims is not an appealable order. We have

carefully reconsidered the question in the light of the argument contained in respondent's brief in the present case and are satis-. fied that the question was correctly decided in the Harmdierks Case, and that on rejection of a claim upon a hearing on contested claims the claimant's only remedy is a suit upon the claim in a court having jurisdiction of such action begun within three months after the rejection, if the claim is due, or within three months after its maturity if not due, and that otherwise the claim is forever barred.

The judgment appealed from is reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.