DEEG, Respondent, v. BARNES, Appellant.

(235 N. W. 701.)

(File No. 7058. Opinion filed April 6, 1931.)

*Max Royhl,* of Huron, for Appellant.
*Churchill & Benson,* of Huron, for Respondent.

CAMPBELL, J. In 1920 one Hoeck executed and delivered to one Billington his promissory note for $18,250 in payment for certain real estate equities. Billington desired to raise money on this note for the purpose of enabling himself, William H. Barnes, and one Mall to buy an interest in a bank in North Dakota. Billington, Barnes, and Mall endeavored to negotiate the note in Minneapolis while on their way to North Dakota, but were unable so to do. Billington remained in North Dakota negotiating for

the proposed purchase of the bank, and Mall and Barnes returned to Huron, S. D., where all three resided, bringing Billington's note with them. Barnes and Mall approached George Deeg, respondent herein, and desired to negotiate the note to Deeg. Deeg stated that he would purchase the note upon the condition that Barnes would indorse the same. Thereupon Barnes and Mall did indorse the note, and so indorsed delivered it to Deeg, who paid them therefor the sum of $18,250.

The note coming due March 22, 1921, interest was paid in full and $250 on the principal, and in renewal thereof a new note was executed and delivered by Hoeck, payable to Deeg, in the sum of $18,000, which note was likewise indorsed by Barnes and by Mall, Deeg retaining the original note as collateral to the renewal of the obligation.

The indorser Barnes died in 1922, and his widow, Alice Barnes, was duly appointed administratrix of his estate, and in due course thereafter Deeg presented and filed with her as such administratrix his claim against the Barnes estate for $18,000 and interest based upon the indorsement aforesaid. On November 23, 1922, the administratrix approved and allowed said claim as an acknowledged indebtedness of the estate, and subsequently and on December 5, 1922, it was approved and allowed by the county judge.

September 8, 1923, some ten months after the complete allowance of the claim, upon an ex parte application by the administratrix, the county court vacated and set aside the allowance and approval of Deeg's claim and ordered that the same be filed as a contested claim and that a hearing be held thereon. On September 19, 1923, a hearing was had on the claim whereat both claimant, Deeg, and the administratrix appeared in person and by attorneys, and on September 23, 1923, the county court for a second time made an order approving and allowing the claim in full.

From this second order of the county court approving and allowing the said claim the administratrix appealed to the circuit court in and for Beadle county, S. D., where the matter was tried de novo, and findings, conclusions, and judgment were entered again allowing said claim in full.

From said judgment of the circuit court of Beadle county, S. D., allowing said claim, the administratrix appealed to this court. No one ever at any time questioned the execution of the

note, or the execution of the indorsement thereof by Barnes, or Barnes' signature thereto. When the matter came on for trial de novo in the circuit court, the attorney for the administratrix, before the trial was commenced, recognizing the absence of any pleadings, stated in open court the defenses claimed by the administratrix, and such defenses were: First, that there were no revenue stamps upon the note. Second, that the proof of claim filed with the administratrix was defective in the following particulars: (a) That the copy of the note attached to the proof of claim was not in all details identical with the original note, whereby the claimant had failed to comply with the statute requiring him as part of his proof of claim to produce the original note or attach a true copy thereof. (b) That the proof of claim stated the note to be due, but that the copy showed an extension to March 22, 1923, and the proof of claim failed to state the particulars in regard thereto. (c) That the affidavit contained in the proof of claim did not state the post office address of Deeg, the claimant.

Nevertheless, upon the former appeal to this court, the learned writer of the opinion (In re Barnes' Estate [Deeg v. Barnes] 53 S. D. 200, 220 N. W. 527), with the concurrence of a majority of the judges, proceeded to reverse the judgment of the circuit court allowing the claim of Deeg for the reason that no evidence of execution of the note by either the makers or indorsers was given in the circuit court and the original note itself was not offered in evidence.

The case, having been thus reversed on the former appeal for failure affirmatively to prove a matter that had never been substantially questioned or denied by the administratrix or any one else, went back to the circuit court, and was tried again, and again there were findings, conclusions, and judgment in favor of the claimant, Deeg, and again the administratrix has appealed therefrom, and from a denial of her motion for new trial, to this court.

On the second trial in the circuit court the original note, upon the indorsement of which the claim against the estate is based, was introduced in evidence, and the signatures of the indorsers and makers were duly and formally proved by the testimony of the respondent, Deeg, and also by the testimony of the coindorser Mall, who was not only familiar with the signatures, but was personally present and saw the signatures attached to the instrument. In fact,

everything seems now to have been done and performed in exact accordance with all suggestions of the opinion on the former appeal.

All the assignments of error on the present appeal have been carefully considered. For the most part they go to the same matters which were urged upon the former appeal. Assignments going to matters not presented or adjudicated upon the former appeal fail to show any prejudicial error in the record.

 Appellant invokes the decision of this court in Harmdierks v. Smith, 56 S. D. 173, 227 N.W. 845, handed down after the decision upon the former appeal, holding that an order of the county court allowing a claim against an estate is not an appealable order, and maintains therefore that the circuit court obtained no jurisdiction by the appeal of the administratrix from the county court, and therefore had no jurisdiction to enter the judgment now appealed from. There can be no question but that the circuit court had jurisdiction over the subject-matter. Appellant administratrix having by her own affirmative act invoked the jurisdiction of the circuit court, and having submitted herself thereto and having tried her cause twice in that forum, will not now be heard to question such jurisdiction. Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266; Huntley v. Younginger, 53 S. D. 195, 220 N. W. 530.

Respondent made due proof of his claim against the Barnes' estate. He has been diligently attempting to establish it for more than eight years. It was once allowed and approved by appellant adminstratrix. It was twice allowed and approved by the county court of Beadle county; the second time being upon a contested hearing. It has been twice allowed and approved by the circuit court of Beadle county upon contested hearing. We find no error in the record. It really appears as though respondent claimant has now done about everything that ought to be required of him.

The judgment and order appealed from are affrmed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur. RUDOLPH, J., not sitting.