In Re MULLIGAN'S ESTATE.

RYAN, et al, Respondents, v. LUNDBERG, Appellant.

(243 N. W. 102.)

(File No. 7305. Opinion filed June 13, 1932.)

*Chas. J. Lundberg,* of Groton, for Appellant.

*E. C. Ryan,* of Aberdeen, for Respondents.

ROBERTS, J. The respondents filed a verified petition in the county court of Brown county in the matter of the estate of Michael Mulligan, deceased, setting forth that they rendered legal services in a will contest and incurred certain expenses. The will was admitted to probate, but no administrator was appointed. On the filing of the petition, the county court issued its order requiring Rose Anna Reid, the sole devisee named in the will, to appear before the court and show cause, if any, why an order should not be made by the county court authorizing and direcing the administrator, when he shall have been appointed by the court and has qualified, to make payment of the claim of the respondents. There was no appearance in response to the order to show cause by the said devisee, but the appellant filed objections to the petition and claim of respondents. Appellant in his affidavit filed in support of his objections states that in the month of August, 1927, the decedent Michael Mulligan employed him to perform legal services necessary and incident to two certain actions that had been commenced against the decedent and others; that in the course of such employment the decedent instructed this affiant to procure for him the appointment of a guardian to relieve him from the burden and care of his business affairs. The county court denied the claim of the respondents for legal services, but allowed and directed payment of the items of expense incurred.

The claimants, herein designated as respondents, appealed to the circuit court of Brown county, and after hearing the circuit court entered its decree that the claim of the respondents for legal

services and expenses incurred be allowed. The appeal to this court is from such judgment.

■ ■ When an appeal to the circuit court from the action of the county court is on questions of both law and fact, the trial is "de novo," and the statute contemplates that the trial court will pronounce judgment, when it shall have determined the facts and the legal effect thereof if the proceedings are triable to the court, as if the proceedings had originated in that court. An appeal from the county court to the circuit court may be had on "questions of law alone," and in such instance the record in the county court is before the circuit court for review, and that court acts as an appellate tribunal. Section 3564, Rev. Code 1919; Engle v. Yorks, 7 S. D. 254, 64 N. W. 132; State v. Nieuwenhuis, 49 S. D. 181, 207 N. W. 77. The appeal to the circuit court in the instant proceedings was upon questions of law and fact. The decree of the circuit court is entitled "Order of Circuit Court," but is in effect a judgment. An examination of this decree shows that the trial court embodied therein a statement of ultimate facts and legal conclusions. Though this constitutes a substantial compliance with the statutes of this state requiring finding and conclusions, it is the better practice to include findings of fact and conclusions of law in a separate instrument. In re Petition of Shank et al for Drainage Ditch, 45 S. D. 297, 187 N. W. 537.

■ The respondents contend that the appellant is not a party in interest, and is not entitled to appeal from the judgment of the circuit court. It does not appear from the record that appellant has filed in the county court a claim or that he offered proof in the circuit court of a claim against the estate. But, conceding that the appellant is a creditor, does it follow that he is an "aggrieved party" within the meaning of section 3145 entitling him to appeal from the judgment of the circuit court? The provisions of law for the presentation of claims agains an estate and the allowance and rejection thereof do not provide for a hearing at which other creditors may be heard. Sections 3386 to 3406, inclusive, Rev. Code 1919. If a claim is rejected, the remedy of the claimant is by action in the circuit court, or by an appeal hereto since the enactment of chapter 97, Laws 1931, which amends section 3550, Rev. Code 1919, and authorizes an appeal from the allowance or rejection of a claim by the county court to the circuit court.

██ Claims allowed by the county court or judgments rendered upon claims for money against an estate are ranked as acknowledged debts to be paid in the due course of administration. A judgment "establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge of the county court." The judgment creates no lien upon the property of the estate nor gives to the judgment creditor any priority of payment. Sections 3393 and 3401, Rev. Code 1919. If a claim is approved, other creditors are not without remedy. The design and intent of the probate procedure is that a claim shall not be finally litigated upon presentation, and the allowance thereof is not conclusive against persons who are entitled to share in the estate or against other creditors, but the validity of the claim and the allowance thereof may be contested after due notice on the hearing on the personal representative's accounting. A creditor of an estate in so far as a personal representative's accounting is concerned is a party interested in the estate, and may appear and file objections to such accounting. Sections 3377 to 3381, inclusive, Rev. Code 1919; Harmdierks v. Smith, 56 S. D. 173, 227 N. W. 845; Johnson v. Rutherford, 28 N. D. 87, 147 N. W. 390; Elton v. Lamb, 33 N. D. 388, 157 N. W. 288; In re McDougald's Estate, 143 Cal. 476, 77 P. 443; Id., 146 Cal. 191, 79 P. 878; In re Tamer's Estate, 20 Ariz. 228, 179 P. 643. The appellant is not a party in interest, and cannot prosecute this appeal. The question as to whether or not the claim of the respondents is a legal charge against the estate is not before us, and we are not to be understood as expressing any opinion thereon.

The appeal is dismissed for reasons above stated.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, P. J., disqualified and not sitting.