Edwin Gooder, a resident of Faulk County, died intestate November 28, 1938, and on January 2, 1939, his widow, Rosa P. Gooder, was appointed administratrix of the estate. The Federal Farm Mortgage Corporation filed a claim against the estate founded on a note for $7,500. The administratrix rejected the claim. Thereafter the county court entered an order for a hearing on the claim in question and directed that notice be given by posting a copy of the order for hearing and by mailing a copy to *Page 418 
claimant. Arthur E. Shell and others whose claims against the estate had been approved filed written objections to an approval of the claim. The Federal Farm Mortgage Corporation appealed to the circuit court from the order of the county court rejecting the claim. The circuit court reversed the order, approved the claim and directed that the same be paid by the administratrix in the due course of administration of the estate. The objecting creditors appeal.
The respondent, the Federal Farm Mortgage Corporation, has filed a motion to dismiss the appeal asserting that these objecting creditors are not proper parties appellant. SDC 35.2101 provides: "An appeal may be taken to the Circuit Court from a judgment, decree, or order of the county court: * * * (8) Allowing or rejecting a claim on a hearing of contested claims." The validity of the claim was litigated in the circuit court on appeal, and the objecting creditors were parties thereto. It is conceded that the estate is insolvent. We think that if the approval of a claim on the hearing of contested claims by the county court has the effect of a judgment so as to bar other creditors, the appellants were proper parties to the proceedings below and are entitled under the provisions of SDC 33.0701, relating to appeals to this court, to appeal from the judgment of the circuit court.
The position of the respondent is that there is an adjudication of a claim only after its allowance by an executor or administrator, approval by the county court and settlement of the representative's account; that a creditor has no opportunity to contest a claim until an account is rendered by the representative. In Harmdierks v. Smith, 56 S.D. 173, 227 N.W. 845, it was held that heirs, notwithstanding that they may have appeared at the hearing on contested claims, had a right to object to the approval of claims on the hearing of the administrator's annual account; that a hearing of contested claims under section 3393, Rev. Code 1919, was not conclusive, but was merely an adjudication between the representative and each of the claimants. The reasoning of this case was followed in the case of In re Mulligan's Estate *Page 419 
(Ryan et al. v. Lundberg), 60 S.D. 74, 243 N.W. 102, 103, wherein this court said: "The design and intent of the probate procedure is that a claim shall not be finally litigated upon presentation, and the allowance thereof is not conclusive against persons who are entitled to share in the estate or against other creditors, but the validity of the claim and the allowance thereof may be contested after due notice on the hearing on the personal representative's accounting. A creditor of an estate in so far as a personal representative's accounting is concerned is a party interested in the estate, and may appear and file objections to such accounting."
Appellants contend that the effect of these decisions has been modified by changes appearing in the South Dakota Code of 1939. SDC 35.1410 prescribes in detail the manner of presenting claims against the estate of a decedent. It provides that every claim when allowed by the executor or administrator shall be presented to the county judge for his approval. If the claim is thus approved, it becomes an acknowledged indebtedness of the estate. If the executor or administrator or the county judge shall fail or refuse to allow or approve a claim, it becomes a contested claim and the county court thereafter determines whether it shall be approved at a hearing on contested claims. A notice of this hearing must be given by posting a copy of the order for hearing and by mailing a copy to every claimant whose claim was not approved. The following provisions of SDC 35.1410 originated with the enactment of the 1939 Code:
"At any time after the presentation or filing of any such claim, and without awaiting the expiration of the time fixed by this section, the executor, administrator, or claimant may make application to the court for a hearing upon such claim, and such executor or administrator may include in such application as many of the claims filed as he desires. In making such application, such executor or administrator shall not be limited to including therein only claims which have been rejected, but may include any claim as to which he desires the order of the court, after notice and hearing. *Page 420 
The court shall thereupon fix a time and place for hearing and give the notice hereinbefore in this section provided, and in the case of such application by an executor or administrator may give such additional notice as the court deems necessary. At the time and place fixed for such hearing, the court shall proceed to take evidence and act upon such claims, as hereinbefore in this section provided.
"When any claim has been allowed following notice and hearing as provided in this section, and the executor or administrator acting in good faith makes payment thereof, such payment shall not be open to further question, unless the estate is insolvent."
[1] SDC 35.1610 provides that when an account is rendered any person interested in the estate may file objections thereto "except as to payment of claims allowed after notice and hearing under section 35.1410." SDC 35.1611 provides that, "Except as to claims passed upon on the settlement of any former account, or on rendering an account, or on making a decree of sale, and except as to payment of claims allowed after notice and hearing under section 35.1410," an account may be contested by the heirs, devisees and legatees for cause shown. The exceptions in these sections with reference "to payment of claims allowed after notice and hearing" originated with the enactment of the 1939 Code. It is apparent that modifications as to the conclusive effect of approval of claims are intended. It is the duty of this court to reconcile the different provisions and to give effect, if possible, to all the provisions under consideration. In approaching a consideration of the effect of an allowance and approval or rejection of a claim, we should observe the distinction between the initial allowance and approval by the representative and the county judge and the rejection by either the representative or the county judge. We will consider them separately.
[2-5] If an executor or administrator allows a claim, it must be presented as before stated to the county judge for his approval. 35.1410, supra. Approval by the county judge is ex parte and is not binding on persons interested *Page 421 
in the estate other than the claimant and the representative. The executor, administrator or claimant may make application under the provisions of section 35.1410, above quoted, to the court for a hearing upon the claim. Approval of a claim on such hearing has the elements of a judgment. What effect, if any, the opportunity of a creditor to object to a sale of property to pay the claim of another creditor would have upon his right subsequently to contest the validity or reasonableness of the claim upon the executor or administrator's accounting, we need not determine. SDC 35.15. Unless an approved claim has been included in an application for adjudication in advance of an executor or administrator's accounting, an interested party may be heard upon the validity or reasonableness of such claim on the hearing of an executor or administrator's account. The approval of the county court upon such a hearing, if there is no appeal, is conclusive upon all parties interested, except those under disability. SDC 35.1616.
[6, 7] If the executor or administrator or the county judge rejects a claim, it is filed as a contested claim. The county court appoints a time for hearing of such claims of which public notice is given by posting and a notice is given to each claimant by mail. 35.1410, supra. If any claim is rejected by the county court, either in whole or in part, claimant may bring an action within a specified time, or he may appeal from the order of the county court. SDC 35.1417, 35.2101(8); In re Mulligan's Estate, supra. The successful maintenance of an action on a claim has the same effect only as if the county judge had approved the claim on the hearing of contested claims. It is not a lien on property, and the judgment creditor acquires no priority. SDC 35.1418. We think that this is also true of the approval of a claim on appeal to the circuit court.
[8-10] This court in the Harmdierks and Mulligan cases, construing the statutes then in effect, held that the representative and claimant were the only parties involved in a hearing on a contested claim. When a statute that has been construed by the court of last resort has been reenacted *Page 422 
substantially in the same language, the construction is presumed to have been adopted as a part of the law, unless a contrary intent clearly appears. Brink v. Dann et al., 33 S.D. 81, 144 N.W. 734; Stewart v. Rapid City, 48 S.D. 554, 205 N.W. 654. The changes in the 1939 Code indicate a contrary intent and require a different construction to reconcile its provisions and to give effect thereto. We think that the exceptions contained in 35.1610 and 35.1611, supra, with reference to payment of claims approved after notice and hearing clearly indicate that on hearing of either an approved claim or a contested claim as provided in 35.1410, supra, interested persons have a right to be heard upon the validity or reasonableness of such claims. If this were not contemplated, a serious constitutional question would arise. In re Allen's Estate (Marshall v. Pemberton), 175 Wn. 65,26 P.2d 396. We conclude that an order of the county court approving or rejecting a claim after notice and hearing under 35.1410, supra, has the same binding force and effect as an adjudication of a claim on an executor or administrator's accounting.
[11] The approval of respondent's claim by the county court on hearing after notice would not only have established its validity as between respondent and the administratrix, but also as to the objecting creditors. It seems entirely clear that creditors whose claims against the insolvent estate had been approved were persons interested in the estate and had a right to participate in the proceedings below.
The motion to dismiss should be denied and it will be so ordered. The respondent may serve and file a brief within thirty days after the filing of this opinion.
All the Judges concur. *Page 423