In re ENGEBRETSON'S ESTATE
ENGEBRETSON, et al, Respondents, v. GRAFF, Appellant
(5 N. W.2d 57.)

(File No. 8505. Opinion filed August 3, 1942.)
Rehearing Denied September 12, 1942

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**James O. Berdahl** and **B. O. Stordahl,** both of Sioux Falls, for Respondents.

RUDOLPH, P.J. A. N. Graff, the administrator of the estate of Lars Engebretson, deceased, presented to the County Court of Minnehaha County an "Annual Report of Administration". In this report the administrator sought approval of the payment of $1,913.82 to C. L. Engebretson, asked for the allowance of certain attorney fees, and further sought approval of the payment of $54 interest which he had paid on a certain $1,500 note. The County Court, over the objection of certain heirs of the estate, approved the payment to C. L. Engebretson, the payment of the interest, and allowed $500 on account of attorney fees with the reservation that such allowance was not final but the total which would finally be allowed was left for future determination. The objecting heirs appealed to the Circuit Court of Minnehaha County, which court determined that neither the payment to C. L. Engebretson nor the payment of the interest were proper charges against the estate, and further determined that a reasonable attorney fee chargeable against the estate was the sum of $150. The administrator has appealed to this court.

We consider first the item of $1,913.82 which the administrator paid to C. L. Engebretson. The facts with reference to this item are as follows. C. L. Engebretson is one of the heirs of Lars Engebretson, deceased, and during the lifetime of Lars he had become indebted to Lars in the sum of approximately $29,000. This indebtedness had been incurred by reason of the purchase of a farm by C. L. from Lars. To secure the indebtedness C. L. had mortgaged the farm he had purchased. The indebtedness and the mortgage securing it were assets of the estate following the death of Lars and the mortgage was eventually foreclosed. In the foreclosure proceedings the farm was not sold for an amount sufficient to satisfy the entire indebtedness and a deficiency remained. At various times partial distribution of the estate had been made and upon each partial distribution the distributive share to which C. L. was entitled had been withheld to apply upon the deficiency resulting from the mortgage foreclosure. It appears that there was some question as to the validity of this deficiency and whether or not

it was a debt owing by C. L. to the estate. The administrator in September, 1936, commenced an action against C. L. for the purpose of reducing to judgment the deficiency remaining following the mortgage foreclosure. In this action C. L. denied liability and filed a counterclaim for the amount of his distributive share of the estate that had ·been withheld to apply upon the deficiency. The administrator made no reply to the counterclaim and the action was tried largely by stipulation before Hon. L. L. Fleeger at Parker. This action resulted in a judgment in favor of C. L. Engebretson and against the administrator in the amount of $1,913.82. Shortly after the entry of this judgment it was paid by the administrator. The judgment and all proceedings connected therewith were without any notice to these objecting heirs, nor did they know of the proceedings or the entry of judgment until June, 1937. Immediately upon learning of the entry of this judgment the objecting heirs filed an application for an order vacating and setting aside the judgment and permitting them to intervene as parties in the action. The trial court granted this application and this action was approved by this court on appeal. Graff v. Engebretson et al., 66 S. D. 351, 283 N. W. 161. Thereafter the action was retried and as a result of the retrial there was entered a judgment in favor of the administrator and against C. L. in the sum of $4,954.50, which judgment adjudicated that the administrator of the estate had a lien upon the interest of C. L. in the estate to secure the payment of the judgment. No appeal was taken from this judgment and it is now final.

We are of the opinion that if, for any reason, the judgment entered in favor of C. L. Engebretson and against the administrator of the estate was not final as to these heirs of the estate, the administrator was not entitled. to pay that judgment from estate funds, thereby reducing the interests of the various heirs, without giving notice to the heirs and an opportunity to object. Such, we believe, to be the import of the decisions of this court. Thus it was held, prior to the adoption of SDC 1939, that the administrator was not protected in the payment of a claim filed in the estate, even though such claim was approved upon a hearing

on contested claims. Harmdierks v. Smith, 56 S. D. 173, 227 N. W. 845; Ryan et al. v. Lundberg, 60 S. D. 74, 243 N. W. 102. The basis for these decisions was that the law as then existing provided for no notice to those interested in the estate, and for this reason the approval of a claim upon a hearing on contested ·claims was not binding upon those interested in the estate. It was held that the validity of the claim and the allowance thereof might be contested after due notice·on the hearing on the personal representative's accounting. SDC 35.1610 and 35.1611 provide for payment of claims approved after notice and hearing. With this change in the law it was held that an order of the County Court approving or rejecting a claim after notice and hearing is an adjudication binding on those interested in the estate and having notice. In re Gooder's Estate, 68 S. D. 415, 3 N. W.2d 478.

█ While we are not in this case dealing with a claim filed against the estate, nevertheless we believe that the principle announced in the above cases should apply. We have in this case a judgment entered against the administrator for an alleged distributive share of an heir, withheld by the County Court. This judgment was entered without notice to the objecting heirs, and it has been judicially determined in the proceeding which set that judgment aside that it was not final as to the heirs. By reasoning analogous to that in the cited cases the payment of the judgment may be contested on the hearing on the personal representative's accounting. We think it clear that the proceeding which set the judgment aside is not now open to our consideration. Whatever the basis for setting that judgment aside, the issue of its binding effect upon these objecting heirs was the issue before the court and actually litigated, and this administrator was a party to that litigation as were also these heirs. That it was not a final judgment as to these objecting heirs has been judicially determined and has become res judicata. Howard v. City of Huron et al., 6 S. D. 180, 60 N. W. 803. The judgment having been entered without notice to these heirs, and it not being a final judgment as to these heirs, we are convinced that the administrator is not under the law

of this state and should not be protected in its payment when he takes it upon himself to make such payment without giving notice and an opportunity to object.

■■ On the attorney fee issue the trial court found in its Finding 22 with regard to the services allegedly performed by the attorneys for the administrator, "that the said administrator and his attorneys have shown no benefit that resulted therefrom to said estate." We think it apparent, from the argument of counsel and the entire record, that court and counsel attempted to apply the rule this court announced in the case of In re Engebretson's Estate, 68 S. D. 255, 1 N. W.2d 351. . The rule announced in that case was that an allowance may be made out of the estate of a deceased person for the services of attorneys for beneficiaries where those services were beneficial to the estate. This rule applied to attorneys for beneficiaries, not to the attorney for the administrator. The applicable rule applying to payment of attorneys employed by administrators was stated earlier in that opinion to the effect that on the settlement of the account of the administrator he is entitled to reimbursement for attorney fees "necessarily incurred in the administration of his trust or in litigation for the benefit of the estate of his decedent, conducted in good faith and with reasonable care and prudence." This rule is stated in the alternative, and should be understood as meaning that if the fees for services of an attorney employed by the administrator are necessarily incurred in the administration of the trust, that this is sufficient to authorize their allowance without a showing of benefit to the estate. We think that under the holding of this court in a third opinion involving this same estate and these same parties, Graff v. Engebretson et al., 66 S. D. 45, 278 N. W. 28, the attorney fees incurred by the administrator in connection with the entry, setting aside and final determination of the judgment in the C. L. Engebretson action were necessarily incurred in the administration of his trust. We held in this last cited case that the administrator as such was an aggrieved party entitling him to appeal from the order setting aside the judgment in favor of C. L. The administrator being aggrieved in his capacity

as administrator, we think it follows that the employment of an attorney was necessarily in connection with his trust. The trial court has not found that the administrator was not acting in good faith. We are of the opinion, therefore, that under this record the administrator should be entitled to reasonable reimbursement for attorney fees incurred in connection with the C. L. Engebretson action, which fees were denied by the trial court.

■■ A part of the assets of the estate consisted of real estate located in Minnesota. It became necessary to appoint an administrator in that state to conduct a sale of the land. As in almost every proceeding connected with this estate a contest developed between the different sets of heirs regarding this appointment in Minnesota. One set of heirs petitioned for the appointment of Mr. Graff, another set for someone else. The County Court in Minnesota appointed a person other than petitioned for by either group of heirs, and an appeal was taken to the District Court by the heirs favoring Mr. Graff. Throughout these proceedings in Minnesota Mr. Graff and the heir supporting his appointment were represented by the present attorneys of Mr. Graff. In District Court this dispute in Minnesota was finally settled by stipulation agreeing to appointment of the third person as administrator. This stipulation provided that the expense of conducting the sale in Minnesota should not exceed $600. The attorneys supporting the appointment of Mr. Graff received no part of this $600, nor did the stipulation contemplate that they should. However, the trial court took the view that so far as a charge against the estate was concerned this $600 was a limitation. We believe such construction of the stipulation was error. It appears from the record that Mr. Graff had, as administrator of the estate in South Dakota, negotiated for a sale of this Minnesota land. It became necessary for him to proceed to obtain a merchantable title, which necessitated the proceeding in Minnesota. We think it was within the scope of his duties as administrator in South Dakota to set in motion the necessary machinery in Minnesota to accomplish this purpose. There is no finding that he acted other than in good

faith. The stipulation related only to the expense of "conducting said sale" in Minnesota, and it is clear that it was intended to limit the expense of the Minnesota administrator only. Under this record the attorneys for the administrator should have been allowed a reasonable fee for services in advising with and representing this administrator in the Minnesota proceedings. The County Court held that the administrator was entitled to be reimbursed to the extent of $500 on account of attorney fees, with the final allowance of attorney fees to be left for future determination. Such holding of the County Court, when considered in connection with the evidence as to value of the services, is sustained by the present record.

█ With regard to the $54 item disallowed by the court, the record shows that this was interest paid upon $1,500 which the administrator had borrowed to pay the C. L. Engebretson judgment. Having disallowed the claimed credit for the payment of the judgment it follows, as of course, that this $54 item should also be disallowed.

The judgment appealed from is affirmed except in so far as it relates to attorney fees; as to this item the judgment of the Circuit Court is reversed, with directions to affirm the order of the County Court relating to attorney fees. No costs are to be taxed in this court.

All the Judges concur, except WARREN, J., not sitting.