In the Matter of the ESTATE of Lyle PUTNAM, Deceased.

Riley KREAGER, Claimant and Appellant,

v.

FIRST NATIONAL BANK OF the BLACK HILLS, Administrator with Will Annexed of the Estate of Lyle Putnam, Deceased, Respondent.

No. 11804.

Supreme Court of South Dakota.

June 2, 1977.

Lawrence R. Bihlmeyer, Rapid City, for claimant and appellant.

John G. Potter, Rapid City, for respondent.

ZASTROW, Justice.

Riley Kreager, claimant in the estate of Lyle Putnam, appeals from the denial of his claim by the circuit court. We dismiss the appeal.

Riley Kreager, a former employee of the decedent, Lyle Putnam, submitted a claim of $9,000 to the administrator of the estate (First National Bank of the Black Hills). The claim submitted by Kreager allegedly represented his commission for the sale of the decedent's 2,400–acre ranch, located near Devil's Tower, Wyoming, to Mr. and Mrs. Glen Conzelman.

Kreager presented the claim to the administrator and it was disallowed on January 29, 1975. On July 21, 1975, the administrator petitioned the circuit court for a hearing on the contested claim. SDCL 30–21–34. On July 28, 1975, the circuit court ordered a hearing on the contested claim to be held August 14, 1975. SDCL 30–21–38. After taking the testimony of the claimant and Glen Conzelman at the hearing, the court determined that the evidence was insufficient to support the claim and ordered the claim dismissed. SDCL 30–21–39. The order dismissing the claim was not entered until September 23, 1975, due to claimant's request that findings of fact and conclusions of law be entered. Claimant then made a motion for a "new trial" (sic) which was denied by the circuit court. The claimant filed a notice of appeal on November 24, 1975, attempting to appeal from the order dismissing his contested claim.

■ The jurisdiction of this court must appear plainly and affirmatively from the record presented, and that the order sought to be reviewed is appealable. *State v. Rigg*, 1956, 248 Minn. 49, 78 N.W.2d 721; *Snyder v. Incorporated Town of Spirit Lake*, 1934, 218 Iowa 774, 254 N.W. 14; *Reub's Minot Camera, Inc. v. General Elec. Cr. Corp.*, 1972, N.D., 201 N.W.2d 877; 4 Am.Jur.2d, Appeal and Error, § 398; and 4A C.J.S. Appeal & Error § 681. Absent such a showing, this court is required, sua sponte, to determine its jurisdiction to consider the merits of this appeal. *Shryock v. Mitchell Concrete Products, Inc.*, 1973, 87 S.D. 566, 212 N.W.2d 498; In re Mackrill's Addition, 1970, 85 S.D. 196, 179 N.W.2d 268; *Sioux City Boat Club v. Mulhall*, 1962, 79 S.D. 668, 117 N.W.2d 92; *Darnall v. State*, 1961, 79 S.D. 59, 108 N.W.2d 201; and *Tri-State Milling Co. v. Board of County Commissioners*, 1955, 75 S.D. 466, 68 N.W.2d 104.

SDCL 30–21–41 provides:

"When any claim shall have been rejected by the circuit court on the hearing of claims presented either in whole or in part, the holder thereof must bring suit thereon in circuit or magistrate court, according to the amount involved, against the executor or administrator within thirty days after such rejection, or within thirty days after the same shall become due, otherwise the claim shall be forever barred."

Here, the claimant did not bring such action, but instead seeks a direct appeal to this court.

From 1931 until 1974, an appeal from the district county court's ruling on a contested claim could be taken to the circuit court under SDCL 30–35–1(8). *In re Mulligan's Estate*, 1932, 60 S.D. 74, 243 N.W. 102; *In re Gooder's Estate*, 1942, 68 S.D. 415, 3 N.W.2d 478. The unification of the judiciary resulted in the repeal of SDCL, Chap. 30–35 in its entirety. Chapter 153, § 60, S.L.1974.

■ Accordingly, the appellate jurisdiction in this situation is restricted to SDCL 15–26–1, and a rejected claim under SDCL 30–21–39 does not constitute a final order nor determine the action as to the claimant,

and, therefore, is not an appealable order.* *Harmdierks v. Smith*, 1929, 56 S.D. 173, 227 N.W. 845; In re Kayser's Estate, 1930, 56 S.D. 546, 229 N.W. 520.

The appeal is dismissed for lack of appellate jurisdiction.

All the Justices concur.

* Allowance of a contested claim, however, would be appealable by the administrator, heirs, devisees or legatees or other persons interested in the estate under SDCL 15–26–1(4), inasmuch as SDCL 30–25–24 and 30–25–25 preclude contesting claims properly allowed under SDCL 30–21–34 or SDCL 30–21–28 and 30–21–29 at the final accounting. See *Matter of Estate of Malone*, 1977, S.D., 249 N.W.2d 757.